## POWER and another *v.* BAKER and another.[1]

*(Circuit Court, D. Minnesota.* April, 1886.)

JUDGMENT AGAINST JOINT TRESPASSERS—PLAINTIFFS' RIGHT OF ELECTION—EF-
FECT OF PAYMENT OF MONEY INTO COURT—CLERK'S SATISFACTION OF RECORD.

In consequence of a collision between two vessels, owned respectively by
the complainants and respondents, the latter filed a libel against the former
in the admiralty. A decree for $9,572.82 was obtained, and an appeal entered.
Prior to the trial of the admiralty suit they also brought an action of trespass
in the state courts against the owners of the ship-yard at which both vessels
were lying at the time of the collision. In the latter suit they obtained a judg-
ment for $4,476.88, which amount was paid into court, and satisfaction entered
of record by the clerk. The respondents declined to accept and receive the
amount in question, and thereupon the complainants filed a bill in equity
against them, praying that the decree in admiralty be discharged and canceled
by reason of the payment into the state court of the judgment obtained against
the other joint wrong-doer. *Held,* that when separate actions are brought for
a joint trespass, the plaintiff can recover against one or all, and if separate judg-
ments are obtained he may make his election. *Held,* that as this is a privilege
of which he cannot be deprived, the clerk has no power to bind him without
his assent, and payment in court neither concludes him, nor deprives him of
the privilege of an election.

The facts in the present controversy, as disclosed by the pleadings,
are as follows: In the fall of 1879 the steamer Butte, owned by the
complainants herein, Power, McGarry, Rees, McKnight, and· Andrew
M. Johnson, now deceased, while on the ways at Bismarck, in a ship-
yard owned and managed by C. S. Weaver and Roger S. Munger,
under the firm name of C. S. Weaver & Co., the steamer mentioned
having been hauled on the ways, and at the time mentioned being in
the charge of the latter firm by a contract with the owners of the
same, became loosened from her fastenings, and crushed the steamer
Col. McLeod, which was also at the time mentioned in the care and
keeping of Weaver & Co., by virtue of a contract entered into be-
tween Weaver & Co. and the owners of the McLeod, the respond-
ents herein. In July, 1881, the owners of the McLeod filed their li-
bel in admiralty against the owners of the Butte, in a case of mari-
time tort, charging the latter with the commission of wrongs, griev-
·ances, negligences, and omissions in the hauling, managing, and
propping up of the said Butte, resulting, as alleged, in the damage
to the said. McLeod. Process *in personam* issuing against Thomas
C. Power, one of the owners of the McLeod, and the said Power hav-
ing been duly arrested in accordance with the mandate of the said
process, P. H. Kelly and Joseph Leighton, of the petitioners herein,
became the sureties of the said Power on the bail-bond duly given,
according to the provisions of law, in the sum of $5,000. The case was
tried in the district court, and on appeal to the circuit court judgment
was entered in favor of libelants for the sum of $9,572.82, and an ap-
peal was taken by the respondents to the supreme court of the United

---

. 1 Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

States, which is now pending. Before the trial the same parties (libelants) brought a suit in the district court of the state for damages against C. S. Weaver and Roger S. Munger as joint trespassers with the respondents in the admiralty suit for the same tort, and judgment was rendered in favor of plaintiffs for the sum of $4,476.88, which amount was paid into court by the defendants, and satisfaction of the judgment of record was made and entered by the clerk on the twentieth day of July, 1885; but the amount so paid into court never has been accepted by the plaintiffs, and they have, at all times since the rendition of the judgment, refused to proceed further in said action, and decline to accept and receive the amount so paid into court upon the judgment. The respondents in the case in admiralty now file a bill in equity against the libelants, praying that the decree in admiralty in the circuit court be discharged of record and canceled, by reason of the payment into the state court of the judgment obtained against the other joint wrong-doers. An answer is filed setting up the facts in regard to separate suits, and the proceedings therein, to which exceptions are taken, and have been fully presented by counsel.

*C. D. O'Brien,* for complainants.

*Williams & Goodenow,* for respondents.

NELSON, J. The defendants in this equity suit claim the right to make their election *de melioribus damnis* in the separate suits brought to recover damages for the tort. The doctrine is well established that when separate actions are brought for a joint trespass the plaintiff can recover against one or all, though others be acquitted; and if separate judgments are obtained, he may make his election to take the larger judgment or pursue the solvent party, and when made, he is concluded. This is a privilege of which he cannot be deprived. He can only have one satisfaction, but the judgment satisfied must be the one which he has elected to take. The doctrine is fully reviewed in *Lovejoy* v. *Murry,* 3 Wall. 2, and it is there stated: "No matter how many judgments may be obtained for the same trespass, or what the varying amounts, an acceptance of satisfaction of any one of them by the plaintiff is the satisfaction of all the others, except the costs." The answer in this suit denies any acceptance of satisfaction, and the complaint does not even allege that the plaintiff in the state court received the money deposited therein.

The rule stated in *Blann* v. *Cocheron,* 20 Ala. 320, cited by United States supreme court, is substantially this: The clerk has no power by his acts to bind the plaintiff unless he assents, and the payment into court of the amount of one judgment does not conclude him, and cut off the privilege of election; the plaintiff must act.

Exceptions overruled.