ARMOUR BROS. BANKING CO. vs ADDINGTON.

Opinion delivered September 19, 1896.

*Suit on a Judgment—Effect on First Judgment.*

Obtaining judgment in another jurisdiction in a suit upon a judg-
ment, does not merge the first judgment in to the second, but
both judgments stand until the debt which is evidenced by
them is fully paid off and satisfied.

Appeal from the United States Court for the Southern
District.

C. B. KILGORE, Judge.

Action by the Armour Bros. Banking Co. against J.
P. Addington and others.   Judgment for defendant.   Plain-
tiff appeals.   Defendant brings a cross appeal.   Judgment
for defendant reversed.   Cross appeal dismissed.

On the 19th day of October, 1894, the Armour Bros.
Banking Company recovered a judgment in the Southern
district of the United States court of the Indian Territory, at
Ardmore, against J. P. Addington, C. G. Graham, and A. J.
Addington, for the sum of $25,678, with interest at the rate
of 10 per centum per annum from date until paid, and all
costs of suit.   An execution was issued on the 19th day of
June, 1895, on said judgment, and on the next day was re-
turned indorsed, "No property found."   No part of this
judgment was ever paid.   On June 21, 1895, the Armour
Bros. Banking Company filed in the said Southern district of
the United States Court, at Ardmore, its complaint in equity,
in the nature of a bill of discovery, under the provisions of
sections 3084—3088, Mansf. Dig., to subject to the payment
of plaintiff's demand certain property alleged to belong to

the defendant J. P. Addington.    There were a supplemental and an amended complaint.    The plaintiff alleged in each that it had recovered the judgment indicated above; that no part of it had ever been paid; that execution issued, and was returned nulla bona; that the defendant J. P. Addington was then, and for a long time had been, insolvent, but that he was the owner of a large amount of improvements upon real estate, consisting of ranches and pastures, and a large amount of personal property, consisting of horses, mares, mules, stock cattle, and beef steers, all of which are situated in the western part of the Chickasaw Nation, on the line between the Chickasaw Nation and the Kiowa and Comanche country, the same being particularly described in the complaint; that all of said property had been by the defendant J. P. Addington covered up by fraudulent mortgages, and otherwise secreted, in order to cheat, swindle, and defraud his creditors; and that J. S. Addington, Sam Davidson, and W. H. Featherston were setting up some sort of interest in or claim to the property, and prayed that they be made parties defendant.    The plaintiff also alleged that, unless restrained by the court, the defendants would remove said personal property out of the jurisdiction of the court, and into the Kiowa and Comanche country, and prayed that they be restrained from so doing, and that a receiver be appointed to take charge and possession of the property, and hold the same subject to the further orders of the court. · The court granted the injunction, and appointed R. B. Hill receiver, according to the plaintiff's prayer.   The receiver qualified, and, under the orders of the court, took possession of horses and cattle of the value of about $20,000.    The defendants filed separate answers, in which they denied specifically all the allegations in the plaintiff's complaint, except the insolvency of J. P. Addington, and the validity of plaintiff's judgment.    Afterwards, on the 2d day of October, 1895, the defendants filed an amended answer, in which they alleged

(22)

that: "The plaintiff ought not to have and maintain this action against them, because they allege that heretofore, to wit, on the 24th day of June, 1895, the plaintiff instituted in the District Court of Canadian county, Oklahoma territory, against the defendants J. P. Addington, C. G. Graham, and A. J. Addington, an action of debt, using as its cause of action the judgment in this cause, and that heretofore, to wit, on the 19th day of October, 1895, the plaintiff, upon personal service, recovered in said District Court for Canadian county, against A. J. Addington and C. J. Graham and the defendant J. P. Addington, judgment for the full amount due upon the judgment in this cause, including interest. And the defendants further alleged that in said cause, in said District Court for said Canadian county, the plaintiff sued out an attachment against the said J. P. Addington, and caused the same to be levied upon a large amount of personal property claimed to belong to him, which property the plaintiff is now praying and seeking to hold under said judgment. The defendants further allege that in said suit in the said District Court of Canadian county, Oklahoma, since the recovery of the judgment in this cause, the plaintiff has recovered upon the same cause of action a judgment, and that thereby the judgment in this cause has been fully merged, paid, and satisfied, and has no longer any force and effect, and that the plaintiff does not now have, and has not had since the 19th day of October, 1895, any subsisting judgment upon which this suit can be maintained." The plaintiff replied to this amended answer as follows: "Now comes the plaintiff, Armour Bros. Banking Company, and for reply to the amended answer filed herein on November 2, 1895, says it is true, as alleged in said amended answer that the plaintiff in this case brought an action on the judgment recovered in this suit in the District Court of Canadian county, in the territory of Oklahoma, and that a writ of attachment was duly and legally issued on said cause, and

the same was levied upon certain personal property alleged to have belonged to the defendant J. P. Addington, and that it is also true, as alleged in said amended answer, that judgment was duly and legally recovered in said action in the District Court of Canadian county, Oklahoma territory, on the judgment recovered in this action, and that said personal property levied upon in the territory of Oklahoma has been duly and legally ordered to be sold to satisfy said judgment. But the plaintiff alleges that in the suit on the judgment in this action in the District Court of Canadian county, Oklahoma territory, attachment was issued against the property of J. P. Addington only, and no attachment was issued or levied upon the property of the other defendants in said judgment; that no judgment was recovered in said action in the District Court of said Canadian county against the defendants C. G. Graham and A. J. Addington. Plaintiff further alleges that since said personal property was levied upon in the action pending in the District Court of Canadian county, Oklahoma territory, and since the same was ordered to be sold, the defendants W. H. Featherston and E. J. Gannon, as trustees, have instituted proceedings in equity, and procured a writ of injunction to be issued, restraining the sale of all the property levied upon to satisfy the judgment recovered in the territory of Oklahoma on the judgment in this action, and the sheriff of Canadian county has been restrained from selling said property; that in said equity suits in the territory of Oklahoma, instituted by W. H. Featherston and E. J. Gannon, it is alleged and claimed that the property levied upon in said action in which the judgment was obtained against J. P. Addington in Canadian county, Oklahoma territory, is not the property of J. P. Addington, and is not subject to the levy thereon, and cannot be applied to the satisfaction of the judgment rendered in said cause. Plaintiff alleges that the judgment recovered against J. P. Addington in the District Court of Canadian

county of Oklahoma territory has not in any manner been satisfied, and that the plaintiff has not recovered anything thereon.   Wherefore plaintiff prays that the receivership be not vacated, and the injunction be not dissolved, as prayed for by said defendants."   The court, upon consideration of said amended answer and the plaintiff's reply thereto, and the application of the defendants, therewith presented, to vacate the receivership and dissolve the injunction, held that the judgment on which the proceedings in this case were founded was merged in the Oklahoma judgment, and absolutely satisfied and annihilated.   Accordingly the receivership was vacated, and the injunction dissolved, and the case dismissed.   Exceptions were duly taken, and motion for a new trial was made and overruled, and the plaintiff has prosecuted this appeal.

*W. A. Ledbetter* and *S. T. Bledsoe,* for appellant.

Recovery of judgment in another court in a suit upon a judgment, is not a satisfaction of the first judgment. Munford vs Stocker, 1 Cowan (N. Y.) 177; Andrews vs Smith, 9 Wendall 53; Gregory vs Thomas, 20 Wendall 20; Bates vs Lyons, 7 Paige (N. Y.) 85; Planters Bank vs Calverts, 41 A. D. 616; Story on Conflict of Laws (8 Ed.) § 599a; Black on Judgments §§ 216, 221; Frazier vs McQueen, 20 Ark. 98; Wright vs Yell, 13 Ark. 503; Neale vs Jeter, 20 Ark. 98; Block vs Nettle, 25 Ark. 606; Lipscomb vs Grose, 26 Ark. 231; Russell vs Shute, 25 Ark. 469.

*J. H. Garnett* and *W. O. Davis,* for appellees.

Weight of the authority as well as the better reason sustains the ruling of the trial court that the first judgment was merged in a second.   Freeman on Judgments §§ 216, 221; Freeman on Execution, § 19; Biscoe vs Sandifer, 14

Ark. 570; Phillips vs Pease, 14 Ark. 595; Kelley vs Garwin, 12 Ark. 620; 15 A. & E. Enc. of Law 339.

SPRINGER, C. J. (after stating the facts.) The facts and court proceedings which are necessary to a thorough understanding of the issues presented in the appeal taken by the plaintiff are fully set forth in the foregoing statement. The defendants also appealed. The plaintiff's appeal is on account of but one specification of error, namely, the judgment of the court sustaining the plea of merger, but the appeal of the defendants is based on every other ruling of the court. It is not necessary at this time to set forth the proceedings of the court below, and the exceptions thereto, upon which the defendants prosecute their cross appeal. The opinion of this court on the plea of merger will be decisive of this case. The original judgment obtained in the United States Court, at Ardmore, by the plaintiff against the defendants J. P. and A. J. Addington and C. G. Graham, has never been satisfied. It was made the basis of another judgment, which was obtained in the territory of Oklahoma. But the Oklahoma judgment remains unsatisfied. The question now presented to this court is whether the obtaining of a second judgment in Oklahoma upon the same cause of action as that upon which the judgment was obtained in the Indian Territory caused the Indian Territory judgment to be merged into the Oklahoma judgment, and thereby to become satisfied and discharged. A judgment is a higher evidence of indebtedness than a parol agreement, a promissory note, or an obligation under seal. But the judgment does not extinguish the debt. It is merely the highest evidence that can be obtained that the debt exists and is unpaid. When a debt is once evidenced by a judgment, all inferior evidences of the indebtedness are merged into the higher form, for the reason that the judgment is not entered until all legal defenses have been considered which might arise pending the obtain-

ing of judgment. A judgment presupposes a hearing, and an ascertainment of the exact amount which is due and unpaid. A parol agreement or written obligation of any kind, upon which suit might be brought, might be reduced by set-offs, counterclaims, and partial payments. Hence, when the claim has been brought to judgment, the judgment is the highest evidence of the debt, and all other evidences of the debt should be merged into the judgment. But a second judgment obtained upon the first is of no higher security than the first. Both should stand until the debt which is evi-

Judgment on judgment. Not a merger of the first.
denced by them is fully paid off and satisfied. The first judgment is neither satisfied, merged, nor extinguished by a second judgment on the same cause of action, or by an affirmance thereof by a superior court. "Satisfaction" is a technical term, and in its application to a judgment it means the payment of the money due on the judgment, which must be entered of record, and nothing but this is a legal satisfaction of the judgment. Chief Justice Sharkey in Bank vs Calvit, 3 Smedes & M. 194; Mumford vs Stocker, 1 Cow. 178; Story, Confl. Laws (8th Ed.) § 599a, note; Black, Judgm. §§ 864, 1013; Jackson vs Shaffer, 11 Johns. 513; Mumford vs Stocker, 1 Cow. 178; Doty vs Russell, 5 Wend. 129. The cases cited by the learned counsel for defendants, namely, Freem. Judgm. §§ 19, 216, 221; Biscoe vs Sandefur, 14 Ark. 570; Phillips vs Pease, Id. 595; Kelly vs Garvin, 12 Ark. 620; and 15 Am. & Eng. Enc. Law, pp. 339, 340,—are not in point. The effect which a judgment upon a forfeited redelivery or forthcoming bond would have upon the original judgment in the case has no bearing upon the two judgments obtained on the same cause of action in two jurisdictions, as in the case at bar. The judgment of the court below, overruling the demurrer of the plaintiffs to the plea of merger, sustaining said plea, and discharging the receiver and dismissing the case, is reversed, and the case remanded, to be proceeded with the same as if said plea had not been entered and no

judgment obtained in the Oklahoma court. The other proceedings of the court, in this view of the case, will not be grounds for appeal until the final disposition of the case on its merits. The cross appeal is therefore dismissed without prejudice.

LEWIS, J., concurs.