be charged to the plaintiff. The fact remains that defendant did not file her petition to vacate the divorce judgment until more than seven months after she had, by her own admission, received actual notice of the pendency of the action.

The trial court in ruling on defendant's petition to vacate the judgment found that she was "duly served with summons and a copy of the petition."

In our judgment the ruling of the trial court was correct. For the reasons above set forth, the assignment of errors is not well taken and is overruled, and the judgment of the court below is affirmed.

*Judgment affirmed.*

PETREE, P. J., and MILLER, J., concur.

THE STATE OF OHIO, APPELLANT, *v.* HAMILTON, APPELLEE.

(No. 1115—Decided May 19, 1958.)

*Mr. Anthony J. Bowers,* prosecuting attorney, and *Mr. John R. Evans,* for appellant.

*Messrs. Durbin, Navarre, Rizor & Da Pore, contra.*

GUERNSEY, J. This cause is before this court on motion of the state of Ohio for "leave to appeal and for permission to file a bill of exceptions" from a hearing held in the Municipal Court of Lima. The state does not claim that the Municipal Court erred in respect to its determination that the defendant be held to await the action of the Allen County Grand Jury, but does claim that the lower court erred in admitting certain testimony over the objection of the state.

This proceeding does not purport to come within the provisions of Chapter 2953 of the Revised Code pertaining to appeals from criminal cases generally, and the only question to be decided at this time is whether this court may and should review the rulings of the Municipal Court with reference to the admission of certain evidence by virtue of the provisions of Sections 2945.67 to 2945.70, inclusive, Revised Code, which provide, in part, as follows:

Section 2945.67. "The prosecuting attorney or the attorney general may except to a *decision* of the court and present a bill of exceptions thereto. * * *" (Emphasis added.)

Section 2945.68. "The prosecuting attorney or the attorney general may present a bill of exceptions in a criminal action to *the Court of Appeals or* the Supreme Court and apply for permission to file it with the clerk of the court for the decision of such court upon the points presented therein. * * *" (Emphasis added.)

The Supreme Court of Ohio, in interpreting former provisions analogous to these sections, held in the case of *State* v. *Dickerson*, 73 Ohio St., 193, 76 N. E., 864:

"As a general rule an application by a prosecuting attorney for leave to file a bill of exceptions to the decisions of the court in a criminal case before the prosecution is ended will be overruled."

In the case before us the record does not reveal that the defendant, at the time the motion was filed, had either been indicted or tried, or that the prosecution had, in any sense, ended.

The prosecution has cited several cases and we have examined many more wherein the Supreme Court reviewed exceptions of prosecuting attorneys prior to its holding in *Eastman*

v. *State,* 131 Ohio St., 1, 1 N. E. (2d), 140, that the provisions of Section 13446-2, General Code (analogous to Section 2945.68, Revised Code), were unconstitutional as then written. Although it was never specifically decided, it is apparent that the Supreme Court considered the term "decision," appearing in sections analogous to Section 2945.67, Revised Code, applicable to rulings of the lower court as to the admissibility of evidence without regard to whether such rulings had any effect on the judgment of the court or whether such judgment was adverse to the state of Ohio.

The earlier statutes, analogous to Sections 2945.67 and 2945.68, Revised Code, provided for a review of the exceptions of a prosecuting attorney by the Supreme Court only, and the statutes in question did not include provisions for a review by the Court of Appeals until recodification in their present form in 1953. Our interpretation of such sections must therefore relate to their present form and to review by the Court of Appeals only. Our construction, if possible, must avoid conflict with the Constitution. 1 Lewis' Sutherland Statutory Construction, 135, Section 83.

Section 6, Article IV of the Ohio Constitution, as amended November 7, 1944, except for original jurisdiction, limits the jurisdiction of Courts of Appeals to the review, affirmance, modification, setting aside, or reversal of judgments or final orders. It necessarily follows that the word, "decision," in Section 2945.67, Revised Code, in order not to be in conflict with this constitutional limitation, must be construed as meaning a judgment or final order. Rulings as to the admissibility of evidence are not decisions, as so construed, and are not reviewable under the provisions of these statutes independently of the review of a judgment or final order.

There being no reviewable decision, the general rule expressed by the Supreme Court in *State* v. *Dickerson, supra* (73 Ohio St., 193), is particularly applicable and the motion of the state will be overruled.

Disposing of this cause in this manner it is unnecessary for this court to determine, and it does not hereby determine, whether the order binding the defendant over was a judgment

or final order, whether the sections in question permit the review at the state's request of decisions of a Municipal Court, or whether such sections are otherwise constitutional.

*Motion overruled.*

MIDDLETON, P. J., and YOUNGER, J., concur.