MARY GOINES, Respondent, *v.* PENNSYLVANIA RAILROAD COMPANY, Appellant, et al., Defendants.

First Department, November 25, 1958.

*Joseph P. Allen* of counsel (*Thomas V. McMahon* with him on the brief; *Conboy, Hewitt, O'Brien & Boardman,* attorneys), for appellant.

*Simon S. Panush* of counsel (*Norman 1. Caplan* with him on the brief; *Sidney J. Ungar,* attorney), for respondent.

BREITEL, J. P. Defendant railroad appeals from an order denying its motion for leave to amend its answer with respect to the second cause of action for false arrest in the complaint. Plaintiff's action was brought to recover damages for assault, false arrest, and malicious prosecution, all arising from an incident in a railroad terminal. Involved on this appeal is the question whether plaintiff is limited in her recovery against the railroad to the nominal amount of $1 which was awarded in her favor, upon a prior trial in this action, against each of the two railroad employees who were the ones actually responsible for the wrong allegedly suffered by her.

The order should be modified and the motion granted to the extent of permitting defendant to serve an amended answer which may plead limitation of recovery by way of partial defense, or, if the prior judgment was satisfied, by way of complete defense, because of the recovery previously obtained against the railroad employees.

In 1952 in the Pennsylvania Station in New York City, operated by defendant railroad, plaintiff was arrested by two railroad policemen and charged with disorderly conduct.* Plain-

---

* Plaintiff was arrested at 3:00 A.M., together with another woman, when they could not satisfactorily explain their presence in the terminal. There was testimony that for several weeks prior to the arrest the other woman had been using the terminal for a sleeping place. Earlier on the night in question plaintiff had been spoken to and had been requested by a railroad policeman to leave the terminal. (Record, *Goines* v. *Pennsylvania R. R. Co., infra,* 3 A D 2d 307.)

tiff was first convicted on the charge, but on a retrial she was acquitted. Following the acquittal she brought this action against the railroad and the two railroad policemen. After trial before a jury the first cause of action for assault was dismissed in favor of all defendants. On the third cause of action for malicious prosecution plaintiff recovered the nominal sum of six cents. On the second cause of action for false arrest plaintiff recovered a judgment for $7,500 against the railroad and the sum of $1 each against the individual defendants.

Thereafter, defendant railroad appealed to this court. There was no cross appeal by plaintiff, or any appeal by the individual defendants. This court reversed the judgment in favor of plaintiff and granted a new trial against the appealing defendant, the railroad (3 A D 2d 307).

In reversing the judgment, this court, per Mr. Justice McNALLY, rested its determination on the inconsistency of the verdict rendered by the jury, pointing out that the liability of the railroad was derivative and, in consequence, it could not be liable for a larger sum than that assessed as the damages against the individual defendants who were the primary tort-feasors.

On the eve of the new trial defendant railroad moved to amend its answer to set up as a bar the prior judgment recovered by plaintiff against the railroad policemen in the amount of one dollar each. As will be seen, so long as the judgment against the individual defendants has not been satisfied it does not constitute a bar, but only a partial defense, serving to limit the liability of the railroad to the amount of the damages assessed against the primary tort-feasors.

The rule is well settled in this State and elsewhere that as between joint tort-feasors the recovery of a judgment against one does not bar another action against the other (Restatement, Judgments, § 94; 2 Freeman on Judgments [5th ed.], § 573; Prosser, Torts [2d ed.], pp. 241–242; 50 C. J. S., Judgments, § 760; *Sarine* v. *American Lumbermen's Mut. Cas. Co.*, 258 App. Div. 653). The satisfaction, however, of a judgment obtained against one of several tort-feasors discharges the others from any liability (Restatement, Judgments, § 95; 2 Freeman on Judgments, § 578; 50 C. J. S., Judgments, § 761; *De Casiano* v. *Morgan*, 1 A D 2d 646; *Foy* v. *Barry*, 159 App. Div. 749). Semble, such satisfaction may not be collusive if it is to be a good defense (*Collins* v. *Smith*, 255 App. Div. 665). These rules obtain in conjunction with the equally well-settled principle that in the same action before the same trier of the facts there may not be an inconsistent assessment of the same

damages as among tort-feasors (*Goines* v. *Pennsylvania R. R. Co.*, 3 A D 2d 307, *supra*).

But of the foregoing the first rule (namely, that the recovery of a judgment against one of joint or contributing tort-feasors does not bar another action against the other, without limitation as to the quantum of recovery) is confined to such joint or contributing tort-feasors. This case does not involve joint or contributing tort-feasors. Rather it involves tort-feasors who, although jointly and severally liable, sustain to one another a dependent and derivative relationship. The relationship, in this instance, is that of master and servant; and the master is liable only because of the tort being committed by the servant in the course of and pursuant to the employment, under the principle of *respondeat superior*. From this relationship of vicarious liability there flows a duty of indemnification from the primary tort-feasor to the secondary tort-feasor (Prosser, Torts, pp. 249–251). In such circumstances an entirely different rule obtains. Then the recovery of a prior judgment, even without satisfaction, against the primary tort-feasor will serve to limit the award which plaintiff may recover thereafter against the tort-feasor secondarily liable. At the same time, of course, the secondary tort-feasor is not bound by the prior judgment in anywise but may contest liability as well as the quantum of recovery. (Restatement, Judgments, § 96, and in reference to this case see *Illustration* 3 under *Comment* on subsection [1]; 1 Freeman on Judgments, § 469; 50 C. J. S., Judgments, § 757; *Sarine* v. *American Lumbermen's Mut. Cas. Co.*, 258 App. Div. 653, *supra*; *All* v. *Delaware & Hudson R. R. Corp.*, 176 Misc. 977 [BERGAN, J.]; *Pinnix* v. *Griffin*, 221 N. C. 348; see, also, cases collected in Ann. 141 A. L. R. 1168 *et seq.*)

Not to be confused with the problems raised by a prior affirmative recovery in favor of plaintiff is the rule of strict *res judicata* which will bar a plaintiff in another action against a secondary tort-feasor in the event of a prior judgment on the merits in favor of the defendant primary tort-feasor. (Restatement, Judgments, § 96, subsection [1], par. [a]; cf. *ibid.* § 99; 50 C. J. S., Judgments, § 760, subd. c; *Good Health Dairy Prods. Corp.* v. *Emery*, 275 N. Y. 14; *Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228.)

While some might (as did the dissenting Justice in *Sarine* v. *American Lumbermen's Mut. Cas. Co., supra*) consider section 112-a of the Civil Practice Act applicable to the situation in this case, the language of the statute and its legislative history clearly indicate that it involves election of remedies exclusively

and not the problem of limitation of a subsequent recovery by a prior judgment obtained against a primary tort-feasor (see 1939 Report of N. Y. Law Rev. Comm., pp. 209–215). Consequently, the statute did not alter the substantive rules which obtain in recoveries against primary and secondary tort-feasors.

Of course, the prior judgment in this case awarding but one dollar to plaintiff presents an anomaly. It is obvious that the award did not constitute a sincere assessment of damages, but a jury's device to exculpate individual defendants. Nevertheless, in the absence of an appeal from that judgment by plaintiff, the ensuing consequences were those of plaintiff's own making which this court, on the prior appeal, could not rectify, and which now is even further beyond repair.

Before concluding the discussion of the problems presented by this case, it is essential to observe that the application of the rules might be variously affected in the event that a prior recovery between dependent and derivative tort-feasors included punitive damages (but, see, Ann. 141 A. L. R. 1171). Such damages were not awarded in this case, and it was not necessary, therefore, to reach that question. Nor has it been necessary to consider what the situation would be if the prior judgment had been recovered against the secondary tort-feasor, and the subsequent action had been then brought against the primary tort-feasor (but, see, Restatement, Judgments, § 96, subsection [2], and *Comment* on subsection [2]).

Accordingly, the order denying defendant railroad's motion to serve an amended answer should be modified on the law and in the exercise of discretion, and the motion granted to the extent of permitting defendant railroad to serve an amended answer setting forth a partial defense or a complete defense with respect to the prior judgment, as it may be advised, in accordance with the rules set forth in this opinion, without costs to either party as against the other.

Rabin, M. M. Frank, Valente and Bastow, JJ., concur.

Order unanimously modified, on the law and in the exercise of discretion, so as to grant defendant railroad's motion to the extent of permitting said defendant to serve an amended answer setting forth a partial defense or a complete defense with respect to the prior judgment, as it may be advised, in accordance with the rules set forth in the opinion herein, without costs to either party as against the other; the amended answer to be served within 20 days after the entry of the order herein.