The State of Ohio, Appellant, *v.* Meltzer, Appellee.

[Cite as State v. Meltzer, 4 Ohio App. 2d 373.]

(No. 5664—Decided December 15, 1965.)

*Mr. Joseph L. Newman,* for the motion.

*Mr. William B. Saxbe,* attorney general, *Mr. Donald A. De Cessna, Mr. R. C. Sheppard,* director of law, and *Mr. Daniel Wilson,* contra.

Hunsicker, J. On May 24, 1965, there was filed in the Akron Municipal Court a paper designated "Finding" but which was, in effect, conclusions of fact and conclusions of law. Included in this "finding" was a judgment dismissing an affidavit theretofore filed against one Harry I. Meltzer. Previous to the filing of this "finding," a docket notation was made on March 30, 1965, which is as follows:

"The defendant having entered a plea of Not Guilty to the charges in the affidavit, and trial and hearing being duly had.

the Court, on consideration of the evidence, finds the search was illegal, that guilty knowledge was not proved, and dismissed the affidavit and discharged the defendant. See Finding and Journal Entry.

"/signed/ J. P. Riddle, Judge"

Thereafter, on April 6, 1965, a notice of appeal was filed to this docket notation by an assistant city prosecutor, who claims to file such notice under the provisions of Section 2945.67 *et seq.*, Revised Code.

On May 27, 1965, a bill of exceptions was approved and signed by the trial judge, which bill of exceptions, without leave of this court, was filed with the clerk of this court on June 19, 1965. Thereafter, on October 11, 1965, again without any leave of this court, a paper entitled "Errors of Law" was filed, purportedly signed by William B. Saxbe, Attorney General, and Donald A. De Cessna, assistant Attorney General.

On October 27, 1965, counsel for Harry I. Meltzer, the defendant (appellee herein) against whom the now dismissed affidavit had been filed, moved this court "for an order dismissing the appeal" instituted herein. We shall not attempt to answer the questions raised by the motion, except as we designate the method by which exceptions by a prosecuting attorney, or the Attorney General, shall be properly presented to the court.

Our analysis of Sections 2945.67, 2945.68, and 2945.69, Revised Code, leads us to the conclusion that no notice of appeal is required to be filed in this kind of a proceeding. The bill of exceptions, which will demonstrate the error claimed, should be filed with the trial judge within the time set forth in the statutes providing for appeals in criminal cases. See: *State* v. *Cox*, 91 Ohio St. 141. This was done in this case, for the bill of exceptions was presented to the trial judge on May 27, 1965, three days after the entry of the judgment.

Section 2945.68, Revised Code, reads as follows:

"The prosecuting attorney or the Attorney General may present a bill of exceptions in a criminal action to the Court of Appeals or the Supreme Court and apply for permission to file it with the clerk of the court for the decision of such court upon the points presented therein. Prior thereto, he shall give reasonable notice to the judge who presided at the trial

in which such bill was taken, of his purpose to make such application. If the Court of Appeals or the Supreme Court allows the bill to be filed, the prosecuting attorney or Attorney General shall, within ten days of the filing of the bill, file his brief in support of such exceptions and forthwith serve a copy thereof upon the trial judge and any attorney appointed by the judge to argue the exceptions against the prosecuting attorney or the Attorney General.''

The procedure necessary in cases such as this special proceeding is as follows: The prosecuting attorney, or Attorney General (*City of Euclid* v. *MacGillis*, 117 Ohio App. 281, says a law director may also prosecute this appeal), may except to a decision of the court, and present a bill of exceptions which shall first be presented to the trial judge for signature. This presentation must be done within the time limit set out in the statute providing for appeals in criminal cases. See: Sections 1901.30, and 2953.05, Revised Code; and *State* v. *Cox*, 91 Ohio St. 141.

The trial judge must be notified prior to the time a request is made to the Court of Appeals, or Supreme Court, for leave to file the bill of exceptions with that court. This should be shown by the transcript of docket and journal entries, for otherwise there is no way of knowing that such ''reasonable notice'' was given. The application for leave to present the bill of exceptions to the appellate court should be in writing, for this appeal is not one filed as a matter of right but may be filed only after permission is granted. If leave to file the bill is granted, the prosecuting attorney, or the Attorney General, shall within ten days file his brief in support of the exceptions and serve a copy of such brief on the trial judge, and any attorney appointed by the trial judge to argue the exceptions against the claims made by the prosecuting attorney or Attorney General.

The trial judge may appoint an attorney to represent him, and such attorney shall, within ten days after receipt of the brief submitted by the prosecuting attorney, or Attorney General, file his brief. The case is then at issue, and by statute, Section 2945.69, Revised Code, has ''precedence of other business'' of the court.

It should be noted here that the purpose of these statutes

is to permit, on leave granted, a review of decisions adverse to the state in a criminal proceeding. "The word, 'decision,' as used in Section 2945.67, Revised Code, means a judgment or final order." (First paragraph of syllabus of *State* v. *Hamilton*, 107 Ohio App. 37.)

Our examination of the docket does not disclose that the trial judge was notified prior to the filing of the bill of exceptions, unless the fact that he approved the entry would indicate that he knew what was contemplated by the assistant city prosecutor who presented the case to him. Certainly he received no notice from the Attorney General who signed the paper entitled "Errors of Law."

There is nothing on the docket to indicate that this court was asked to give leave to file the bill of exceptions, and there never was leave given to present the matter to this court.

No attorney has been appointed by the trial judge to represent him in this matter.

For the reasons above stated, we believe this matter to have been improperly brought. We determine that such purported appeal shall be stricken from the docket on the ground of lack of jurisdiction.

*Case ordered stricken from the docket.*

DOYLE, P. J., and BRENNEMAN, J., concur.