212 So.2d 80 (1968)
Marilyn I. WEAVER and Joseph N. Weaver, Appellants,
v.
Melvin T. STONE, Appellee.
No. 1081.
District Court of Appeal of Florida. Fourth District.
June 25, 1968.
Rehearing Denied July 18, 1968.
*81 Joseph D. Farish, Jr., of Farish & Farish, West Palm Beach, for appellants.
John R. Beranek of Jones, Adams, Paine & Foster, West Palm Beach, for appellee.
McCAIN, Judge.
Plaintiffs, Marilyn J. Weaver and Joseph N. Weaver, appeal a summary final judgment in favor of defendant, Melvin T. Stone. We affirm.
Plaintiffs were injured in a collision with an automobile driven by defendant but owned by defendant's employer. Plaintiffs filed suit against the employer and recovered a judgment grounded on the employer's vicarious liability for the acts of the defendant. It is not disputed that the defendant and his employer were jointly and severally liable for damage caused by the defendant's negligence and that plaintiffs could sue either or both of them. See Fincher Motor Sales, Inc. v. Lakin, Fla.App. 1963, 156 So.2d 672. Plaintiffs chose to sue the employer and were successful. Subsequently they instituted the present action against the defendant driver. After answer defendant moved for summary judgment and in support attached a certified copy of the judgment entered in the prior action. The judgment was noted as satisfied by the clerk. Upon this basis the trial court granted defendant's motion.
F.S. 1965, section 55.62, F.S.A. (now F.S. 1967, section 55.141, F.S.A.), provides in part as follows:
"(1) All judgments and decrees for the payment of money * * * may be satisfied * * * by payment * * * into the registry of the court where rendered.
"* * *
"(3) Full payment of judgments and decrees as in the preceding subsections of this section provided shall constitute full payment and satisfaction thereof * *."
Plaintiffs refused a tender of money in satisfaction of the judgment by defendant's employer, who then paid the money into the registry of the court pursuant to the above statute. The clear meaning of F.S. 1965, section 55.62, F.S.A., is that such payment into court satisfies the judgment. There is no requirement that the plaintiff consent to the satisfaction.
Satisfaction of a judgment against one of several persons jointly and severally liable discharges the liability of the others.[1] Leo Jay Rosen Associates, Inc. v. Schultz, Fla.App. 1963, 148 So.2d 293; Restatement, Judgments, § 95. This rule obtains even though a judgment has not yet been rendered against the other tortfeasors.[2] Goines v. Pennsylvania Railroad *82 Company, 1958, 6 A.D.2d 531, 179 N.Y.S.2d 960; Restatement, Judgments, § 95, comment a. Accordingly, satisfaction of plaintiff's judgment against defendant's employer in the manner permitted by F.S. 1965, section 55.62, F.S.A. (now F.S. 1967, section 55.141, F.S.A.), discharged defendant from any liability.[3]
Plaintiffs, however, attempt to question the existence of a valid satisfaction of their prior judgment. This challenge, raised, incidentally, for the first time on appeal, cannot be made in this action. The clerk entered a certificate of satisfaction on the final judgment. If the entry of satisfaction was for any reason improper plaintiffs should have sought amendment or vacation. Under our procedure the proper method to seek such relief is that provided by F.R.C.P. 1.540, 31 F.S.A. and not a collateral attack in a separate action. For procedures adopted in other jurisdictions, see annotation 9 A.L.R.2d 553.
In the case before us defendant presented evidence of satisfaction of a prior judgment which evidence was valid on its face and discharged defendant from further obligation to plaintiffs. The trial court was correct in entering summary judgment and the judgment appealed is therefore affirmed.
Affirmed.
NELSON, JAMES T., Associate Judge, concurs.
CROSS, J., dissents with opinion.
CROSS, Judge (dissenting).
I must of necessity respectfully dissent. I am of the opinion that F.S. 1965, Section 55.62, F.S.A. (now F.S. 1967, Section 55.141, F.S.A.), as construed in the majority opinion will produce an unreasonable consequence.
The majority opinion establishes that when voluntary payment of a judgment is made into the registry of the court by a tortfeasor against whom a judgment is rendered, such payment, although not accepted by the judgment creditor, is to be considered a satisfaction of the judgment and a bar to an action against another tortfeasor who may be liable for the same tort. I cannot establish such a principle by a proper interpretation of the statute under consideration.
In the interpretation of a statute it will be presumed that the legislature intended every part thereof for a purpose, Alexander v. Booth, Fla. 1952, 56 So.2d 716, and that it had some purpose in introducing the particular language used in an enactment. Lee v. Gulf Oil Corporation, 1941, 148 Fla. 612, 4 So.2d 868. The maxim "Ut res magis valeat quam pereat" requires that not merely the statute should be given effect as a whole, but that effect should be given to each of its provisions.
The statute applicable here is as follows:
"Satisfaction of judgments and decrees; duties of clerk and judge. 
"(1) All judgments and decrees for the payment of money rendered in the *83 courts of this state and which have become final, may be satisfied at any time prior to the actual levy of execution issued thereon by payment of the full amount of such judgment or decree, with interest thereon, plus the costs of the issuance, if any, of execution thereon into the registry of the court where rendered.
"(2) Upon such payment, the clerk, or the judge if there be no clerk, shall issue his receipt therefor and shall enter notation thereof upon the margin of the record of such judgment or decree and shall formally notify the owner of record of such judgment or decree, if such person and his address are known to the clerk or judge receiving such payment, and, upon request therefor, shall pay over to the person entitled, or to his order, the full amount of the payment so received, less his fees for issuing execution on such judgment or decree, if any has been issued, and less his fees for receiving into and paying out of the registry of the court such payment, together with the fees of the clerk for receiving into and paying such money out of the registry of the court.
"(3) Full payment of judgments and decrees as in the preceding subsections of this section provided shall constitute full payment and satisfaction thereof and any lien created by such judgment or decree shall thereupon be satisfied and discharged." (Emphasis added.)
Even a cursory reading of the statute under consideration vividly illustrates that the intent of the legislature in promulgating the statute was to create a method whereby a judgment debtor could stop levy of execution on the property which he possessed which was subject to the said levy and not to require a person entitled to a judgment to forcibly accept monies paid into court as satisfaction of that judgment. By reading the statute and interpreting it in the manner in which the intent of the legislature is best shown, it can be seen that there is no satisfaction of a judgment by merely paying monies into the registry of the court; it is evident from the statute that there must be an acceptance by the judgment creditor of the monies received from the registry of the court before an actual satisfaction of judgment occurs.
"* * * shall formally notify the owner of record of such judgment or decree * * * upon request therefor shall pay over to the person entitled, or to his order, * * *."
This can be noted even further by reading subsection (3) whereby it states that "full payment of judgment and decrees as in the preceding subsections of this section provided shall constitute full payment and satisfaction thereof". Therefore, it can be readily observed by paragraph (3) of this statute that paragraph (2) of the statute is as necessary an element as paragraph (1).
My interpretation of this statute is not without support. See 49 C.J.S. Judgments § 553, and cases cited thereunder; Fitzgerald v. Campbell, 131 Va. 486, 109 S.E. 308, 27 A.L.R. 799, 800; Restatement of the Law of Judgments, § 95, comment (d).
The majority of courts hold that the voluntary payment into the registry of the court by a tortfeasor against whom a judgment is rendered of the amount thereof and costs does not bar an action against other tortfeasors where such payment is not accepted by the judgment owner. See Power v. Baker, C.C.Minn. 1886, 27 F. 396. In the Power case there was a collision between two vessels owned respectively by the complainant and respondent, and the respondent filed a libel against the complainant in admiralty. A decree was obtained and an appeal entered. Prior to the trial of the admiralty suit, a suit was brought on an action of trespass in the state courts against the owners of the shipyard at which both vessels were lying at the time of the collision. In that suit a judgment was obtained by the respondent and the amount of the judgment paid into the registry of the court and satisfaction entered of record by the clerk. However, the respondents declined to accept *84 and receive the amount in question and thereupon the complainants filed a bill in equity against them praying that the decree in admiralty be discharged and cancelled by reason of the payment into the state court of the judgment. The court held that where separate actions are brought for a joint trespass, the plaintiff can recover against one or all, and if separate judgments are obtained, he may make his election and that this is a privilege of which he cannot be deprived. No clerk has the power to bind him without his assent and the payment in court neither concludes him nor deprives him of the privilege of an election.
An interesting but abstract argument has been raised as to whether the defendants are "joint tortfeasors" or tortfeasors who are "jointly and severally liable" on the same cause of action. While the plaintiff contends that a master-servant relationship exists creating "joint tortfeasors," the defendant would have us believe that the relationship created merely "joint and several" liability. In the latter case the defendant asserts that an election of remedies occurs when the plaintiff sues one of the tortfeasors and obtains a valid collectible judgment, and this election becomes binding and exclusive when the judgment becomes collectible or when the equivalent of satisfaction has been made. While this argument might make interesting debate, it is not pertinent to the question before this court.
The Supreme Court of Florida has announced and consistently adhered to the so-called dangerous instrumentality doctrine as applied to automobiles. The principle of liability thus referred to has been stated to be: "When an owner authorizes and permits his automobile to be used by another he is liable in damages for injuries to third persons caused by the negligent operation so authorized by the owner." Lynch v. Walker, 1947, 159 Fla. 188, 31 So.2d 268 at 271.
The liability grows out of the obligation of the owner to have the vehicle properly operated when it is by his authority on the public highway. Some of the apparent inconsistencies in the cases dealing with the dangerous instrumentality doctrine result from efforts to reason within the confines of inapplicable principles, such as those of respondeat superior. Confusion can be reduced by recognition that liability under this doctrine is imposed independent of other theories of vicarious responsibility in tort law. Where dangerous instrumentalities are utilized then, contrary to ordinary master-servant law, "`with practical unanimity the courts hold the master liable for damages caused thereby, even though the servant, who has the sole custody and control thereof, is at the time acting willfully, wantonly, and in disobedience to his master's order. * * * the public safety demands that he shall be answerable for the exercise of his servant's judgment.'" Susco Car Rental System of Florida v. Leonard, Fla. 1959, 112 So.2d 832.
In the situation confronting us, either the owner and/or the driver or both can be brought into court to answer for damages. The party injured may proceed against the owner first and then in a separate suit proceed against the driver, or the party injured may proceed against the driver first and then in a separate suit proceed against the owner, or the party injured may proceed in one suit against both the owner and the driver.
In the plaintiff sues the driver and loses on the merits, the owner may take advantage of this judgment as a defense to an action by the plaintiff against him. Likewise, the weight of authority also holds that if the plaintiff sues the owner and loses on the merits, the driver can use the judgment entered in favor of the owner as a defense to an action by the plaintiff against him. However, the plaintiff could not use a favorable judgment in the first action either against the driver or the owner in a second action against the party not sued in the first action, since that party would not have been a party to the first action *85 and would not have had his day in court upon the issues raised in it. Davis v. Perryman, 1956, 225 Ark. 963, 286 S.W.2d 844; Jones v. Valisi, 1941, 111 Vt. 481, 18 A.2d 179; Wolf v. Kenyon, 1934, 242 App.Div. 116, 273 N.Y.S. 170; Giedrewicz v. Donovan, 1932, 277 Mass. 563, 179 N.E. 246; Restatement of Judgments, § 96.
In the instant case we have a plaintiff who received a judgment against the owner of the vehicle. The plaintiff apparently was not satisfied with the judgment he had obtained. He now wishes to file suit against the driver and the lower court is precluding his action by granting summary judgment to the driver on the basis of the prior suit whereby the plaintiff received judgment and monies were paid into the registry of the court asserting that by this payment there was satisfaction notwithstanding the plaintiff's refusal to accept the monies. This brought into play a rather well-settled rule that the satisfaction of a judgment obtained against one of several tortfeasors liable for the same tort discharges the others from any liability.
As alluded to above, it has been the law in the overwhelming amount of jurisdictions that a party who has received injury by more than one tortfeasor may recover against one or all though the others be acquitted, and if separate judgments are obtained he may make his election to take the larger judgment or pursue the solvent party. This is a privilege of which he cannot be deprived. While he can have only one satisfaction, the judgment satisfied must be the one which he has elected to take. If we construe the statute under consideration as the majority has seen fit to do or were the law otherwise, it would in such cases not allow the injured party the right of election to pursue whichever judgment debtor he chooses. It would discharge tortfeasors, including those of greater guilt regardless of whether judgment has been obtained against them, and give the election to one of several judgment debtors to force satisfaction of the smaller of several judgments.
I would reverse the summary judgment and allow the cause of action to proceed in the lower court.
NOTES
[1] To be a valid defense satisfaction of such a judgment must not be collusive. Goines v. Pennsylvania Railroad Company, 1958, 6 A.D.2d 531, 179 N.Y.S.2d 960.
[2] It is imperative to note that the mere recovery of the one judgment does not bar a separate action against the other joint tortfeasors. Restatement, Judgments, § 94. But where, as here, liability of one or more persons is secondary and vicarious, this rule is modified and the first suit may, depending on whether the active or passive tortfeasor was sued first and the outcome of that action, either limit the amount recoverable in the second suit or bar it completely. See the discussion in Goines v. Pennsylvania Railroad Company, supra n. 1 and Restatement, Judgments, §§ 94 to 99.
[3] It has been held that satisfaction of a judgment entered on stipulation is "no more than a release under the statute, notwithstanding that its ultimate form was that of a judgment duly satisfied." Mathis v. Virgin, Fla.App. 1964, 167 So.2d 897. The statute referred to is F.S. 1965, section 54.28, F.S.A. (now F.S. 1967, section 768.041, F.S.A.), which provides that a release of one joint tortfeasor does not totally relieve other joint tortfeasors of liability but rather operates only as a pro tanto discharge. The court carefully turned its decision on the fact that the judgment was entered on a voluntary stipulation and thus partook of a release. The court cautioned that it was not ruling upon a case where the satisfied judgment was obtained in the ordinary manner.