516 P.2d 324

**William J. RAGER, Appellant,**

v.

**SUPERIOR COACH SALES AND SERVICE OF ARIZONA, a corporation, and Automotive Sales Company, a corporation, Appellees.**

**No. 11080–PR.**

Supreme Court of Arizona,
In Banc.

Dec. 3, 1973.

Rehearing Denied Jan. 8, 1974.

Carson, Messinger, Elliott, Laughlin & Ragan by Robert W. Holland, Phoenix, for appellant.

Daughton, Feinstein & Wilson by Donald Daughton, Phoenix, for appellee Automotive Sales Co.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Lyons, Phoenix, for appellee Superior Coach Sales.

STRUCKMEYER, Justice.

Appellant, William J. Rager, brought this action to recover damages for personal injuries suffered in an automobile accident with a Wilson School District bus. Joined as defendants were the School District, its board of trustees, the Superior Coach Sales and Service, the manufacturer of the bus, and the Automotive Sales Company, a business concern which had in the past undertaken to repair the brakes of the bus. At the trial, verdicts were directed by the trial judge in favor of the Automotive Sales Company and the Superior Coach Sales and Service, and the jury returned a verdict against the School District in the amount of $10,000.00, upon which verdict a judgment was duly entered.

Rager, apparently dissatisfied with the judgment, brought this appeal to reverse the Superior Court's order directing verdicts favorable to the appellees, the Superior Coach Sales and Service and the Automotive Sales Company. Appellees thereafter moved to dismiss the appeal, and the

Court of Appeals, without stating any reason, entered its order granting the order to dismiss. We accepted review. Order of the Court of Appeals, dated October 12, 1972, granting the motion to dismiss is vacated.

Appellant first questions the right of the Court of Appeals to order the dismissal of his appeal *without stating the grounds for its decision.*

A.R.S. § 12–120.07 provides:

"The decisions of a division or of a department of the court of appeals shall be in writing, *the grounds stated,* and shall be concurred in by a majority of a department if heard by a department or of the division if heard by the division." (Emphasis supplied.)

A decision, in the broadest sense, can mean the act of deciding any step in a proceeding, but in legal contemplation it is usually used more restrictively as the equivalent of the judgment of the court. Erardi v. Krystofalski, 23 Conn.Sup. 476, 184 A.2d 676 (1962); State v. Meltzer, 4 Ohio App.2d 373, 212 N.E.2d 676 (1965); White Oak Common School v. Overstreet (Tex.Civ.App.) 397 S.W.2d 334 (1965).

"The word 'decision' refers to a final disposition of the case and does not comprehend interlocutory rulings which are not decisive of a case." Bennett v. School District of Royal Oak, 10 Mich. App. 265, 159 N.W.2d 245, 247 (1968).

■ The Legislature has also treated the word "decision" and an order of dismissal as homologous for the purpose of rehearing, thereby suggesting that both connote a final disposition. A.R.S. § 12–120.24 provides:

"A party against whom a decision has been rendered or against whom a motion for dismissal of the action has been granted in the court of appeals may file in such court a motion for rehearing after the rendition of the decision or order *of dismissal,* * * *"

We therefore hold that as used in § 12–120.07, the word "decision" means the act

or ruling which, lacking further proceeding, finally decides the case. The order dismissing Rager's appeal, since it is determinative of the litigation, was a decision within the contemplation of the statute and required the grounds therefor to be stated.

In further consideration of this appeal, we assume, as has appellant, that the basis for the dismissal was that presented in the appellees' motion. Consideration of appellees' motion requires a recitation of the facts in somewhat greater detail.

After the entry of judgment in the Superior Court, the Home Insurance Company, insurance carrier for the Wilson School District, paid to plaintiff the sum of $11,205.48, an amount which is the equivalent of the $10,000.00 judgment, together with interest and taxable costs. Rager did not satisfy the judgment but, instead, covenanted with the School District and its trustees that he would not at any time nor would anyone for him or on his behalf levy or sue out an execution against the District or its trustees.

It is appellees' position that Rager does not on appeal claim that the damages awarded by the trial jury were inadequate. Therefore, they argue that plaintiff's damages having been fixed by a jury and plaintiff having been paid those damages, they, as joint tort-feasors, are released from any liability. For that reason, any question on appeal is moot and the appeal was properly dismissed. With this, the Court of Appeals seemingly agreed. We, however, think otherwise.

■ The rendition of a judgment in an action against one of two or more persons liable for a tort does not affect the claim against the other. Restatement, Judgments, § 94. Comment b thereof, expressly states that

" * * * a person is entitled to separate judgments for the full amount of his harm against any number of tort-feasors whose conduct contributes to the tort or who otherwise are responsible for it."

This, we believe, is the general rule in the United States.

"The doctrine is well established that when separate actions are brought for a joint trespass the plaintiff can recover against one or all, though others be acquitted; and if separate judgments are obtained, he may make his election to take the larger judgment or pursue the solvent party, and when made, he is concluded. This is a privilege of which he cannot be deprived." Power v. Baker (C.C.D.Minn.), 27 F. 396, 397 (1886).

While as between joint tort-feasors the recovery of a judgment against one does not bar an action against another, the satisfaction of the judgment obtained discharges the others from any liability. Trieschman v. Eaton, 224 Md. 111, 166 A. 2d 892 (1961); Goines v. Pennsylvania Railroad Company, 6 A.D.2d 531, 179 N. Y.S.2d 960 (1958); appeal dismissed, 5 N. Y.2d 1002, 185 N.Y.S.2d 257, 158 N.E.2d 121 (1959); Weaver v. Stone (Fla.App.), 212 So.2d 80 (1968); Hime v. Sullivan, 188 Tenn. 605, 221 S.W.2d 893 (1949). The theory is that a plaintiff can have but one satisfaction of a joint wrong and if he recovers a judgment against one tort-feasor which is satisfied, this operates as a discharge of others. The cause of action is extinguished. Payne v. Bertman, 224 Mo.App. 690, 27 S.W.2d 28 (1930); Powell v. Troland, 212 Va. 205, 183 S.E.2d 184 (1971).

"* * * for one cause of action the plaintiff may have as many money judgments as there are tort-feasors, but may have but one satisfaction." Payne v. Bertman, *supra,* at 30 of 27 S.W.2d.

By A.R.S. § 33–964(C):

"A judgment of the justice court, superior court or United States court which has become a lien under the provisions of this article, shall, immediately upon the payment or satisfaction of the judgment, be discharged of record by the judgment creditor or his attorney by filing a satisfaction of judgment with the county recorder of the county in which the judgment is recorded, or by entering a satisfaction thereof upon the margin of the record in each county where the judgment or renewal is recorded. The judgment creditor or his attorney shall likewise enter a notation of satisfaction on the docket of the clerk of the superior court of each county where the judgment has been entered or docketed, and in like manner enter a notation of satisfaction on the docket of the clerk of the United States district court. As amended Laws 1971, Ch. 182, § 4.

" 'Satisfaction' is a technical term, and in its application to a judgment it means the payment of the money due on the judgment, which must be entered of record, and nothing but this is a legal satisfaction of the judgment." Armour Bros. Banking Co. v. Addington, 1 Ind. T. 304, 37 S.W. 100, 102 (1896).

A copy of the instrument which Rager, the Wilson School District and its trustees executed, was submitted with the appellee's motion to dismiss. It cannot be considered as a satisfaction of a judgment.

■ The instrument signed by Rager is entitled "Covenant not to Execute". It recites that it is the intent of the covenant that the defendants parties to the agreement, being the School District and its trustees, shall never at any time be held accountable in execution or any other legal process by reason of the judgment rendered in the suit between the parties. It states that nothing in it shall constitute a waiver or release of any claim or right of recovery in any form against any persons who are not parties and signators to the agreement.

■ A covenant not to execute is certainly not a satisfaction, nor is it the same as a release. Its legal effect is similar to a covenant not to sue, in that it does not extinguish the plaintiff's cause of action and does not operate to release other joint tortfeasors. Pellett v. Sonotone Corp., 26 Cal.2d 705, 160 P.2d 783, 160 A.L.R. 863 (1945); Whittlesea v. Farmer, 86 Nev. 347, 469 P.2d 57 (1970).

The order of the Court of Appeals dismissing Rager's appeal is set aside and vacated without prejudice to either party, with directions to proceed in this Court with the appeal on its merits, the appellees being allowed thirty days from the date hereof to file their answering briefs.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.