[File No. 6470.]

TAIMI HYYTI, Respondent, v. ERWIN O. SMITH and Harold E. Smith, Appellants.

(272 N. W. 747.)

Opinion filed April 8, 1937.

*Pierce, Tenneson, Cupler & Stambaugh,* for appellants.
*Fuller & Powers,* for respondent.

BURKE, J. The complaint in this action sets forth three causes of action growing out of a collision on the eleventh day of October, 1935, between a truck, owned by the defendant, Harold E. Smith, and driven by the defendant, Erwin O. Smith, and an automobile, owned and driven by the plaintiff's father, in which the plaintiff and her mother were riding as passengers at the time. The second and third causes of action were dismissed on stipulation, leaving the first cause of action for the wrongful death of plaintiff's father.

The defendants served an answer pleading a former judgment, to which answer the plaintiff replied. Defendants demurred to the reply on the ground that the same does not allege facts sufficient to constitute a defense to the new matter alleged in the answer. The demurrer was overruled and the defendants appeal from the order over-

ruling the demurrer specifying that the court erred in overruling the demurrer of the defendants to the reply.

There is no claim that the facts alleged in the first cause of action do not constitute a cause of action. The contention is that the plaintiff recovered damages in a former action and the pleadings, copy of judgment, and satisfaction of judgment for $871.97 executed by the plaintiff, Taimi Hyyti, are attached to and made a part of the record.

It is the theory of the appellants that the allegations of the answer, setting forth the former adjudication, are admitted in the reply and that such former adjudication is conclusive, cannot be attacked in a collateral proceeding, and the allegations of fraud and misrepresentation, as set forth in the reply, do not constitute a cause of action.

The complaint in the former action is attached to and made a part of plaintiff's reply in the instant case. The second cause of action therein is for the wrongful death of plaintiff's father. It alleges that the said father was the sole support of the plaintiff and his said wife and that the plaintiff brings the said action as the sole surviving heir at law of her father to recover for his wrongful death. Paragraph five alleges that by reason of the facts aforesaid the plaintiff has become liable for the hospital, funeral, and medical expenses in connection with her father's last illness and death in the total sum of $138.44. Paragraph six alleges that plaintiff brings this action as the sole survivor and heir at law of her father, Felix Hyyti, to recover for his wrongful death and by reason of the facts aforesaid has been damaged in the sum of $138.44. (The amount claimed in paragraph five for hospital, funeral, and medical expenses.)

Appellants state in brief that "Plaintiff's contention is that damages for loss of support and punitive damages are not pleaded or alleged by this cause of action and that the judgment is not a final adjudication as to these issues. This assertion is necessarily predicated upon the fact that the amount which the plaintiff sought to recover is exactly the same as the amount of the bills for hospital, funeral, and medical expenses." In other words, appellants admit that the amount which plaintiff sought to recover in the second cause of action is exactly the same as the amount of the bill for hospital, funeral, and medical expenses for which she was responsible.

We have examined the said complaint very carefully and find no

claim therein for loss of support or for punitive damages. The damages allowed clearly appear to have been as follows: First cause of action—hospital $74.10, general damages $300; second cause of action, death of father—hospital, funeral etc. $138.44; third cause of action, death of mother—including hospital $359.43; total $871.97. These items make the exact amount of the judgment and the exact amount which the attorneys for the plaintiff and defendants in said action stipulated might be entered as the judgment.

It is clear that the question of loss of support and punitive damages was not considered, allowed, or entered as a part of the judgment in said action.

The plaintiff, on motion, asks leave to amend his reply and offered "to pay into court such sums and amounts as the court may order for the benefit of such persons as the court may designate by way of return of all sums and amounts of money by the plaintiff received on account of the satisfaction of said former judgment and monies received by the plaintiff in discharge and release of said judgment." The court ordered that said amendment be allowed and that "the plaintiff, in conformity with the offer to make tender as provided in said reply as now amended, deposit with the clerk of this court, subject to the further . . . order of the court, the sum of $138.44; and that such deposit be made before the case may proceed for trial upon the merits."

Counsel for the plaintiff stated in oral argument in this court that the deposit has been made in accordance with the order of the trial court.

This amount of $138.44 is not involved in the instant case. The plaintiff is not asking to recover expenses which were incurred in the death of her father. In this action she is asking to recover for the loss of support, and the expenses incurred in the death of her father are not involved and the deposit was not necessary.

The plaintiff's cause of action for loss of support was omitted in the former action but the defendant is responsible for the omission.

Plaintiff's reply is a plea by way of "confession and avoidance," that is, it admits that a judgment for damages was obtained and satisfied, and alleges that the plaintiff did not know that she had a right of action for damages; that her whole connection with the matter

was at the suggestion and advice of an attorney, an associate or member of a firm of attorneys, who represented the defendants herein; that she did not employ said attorney nor any attorney; that she paid no attorney fees; that all the costs, doctor and hospital bills, and judgment were paid by said attorney.

If the allegations of the reply are true, and for the purpose of this demurrer we must assume they are true, there is a strong case of fraud by misrepresentation and the withholding of facts from the plaintiff.

The plaintiff was a young Finlander who, prior to the accident, lived with her parents, who spoke only the Finnish language. She had very little education and according to the reply the said attorney, who did know that she had a right of action, fraudulently concealed it and made her believe that everything he was doing for her was being done out of the goodness of his heart.

It is, of course, well settled that a party who splits a cause of action will not be relieved from the application of the rule against splitting because of a misapprehension as to the effect of such a proceeding. 1 C. J. § 281, p. 1109. On the other hand, the rule against splitting will not be applied where plaintiff at the time of bringing his first action is ignorant of the facts in regard to constituent elements of his cause of action, as where he is ignorant of the true amount or items of his claim, or of the full extent of the wrongs received or injuries done, and this rule is particularly applicable where plaintiff's ignorance of what was omitted was due to a fraudulent concealment thereof by defendant. See 1 C. J. S. pp. 1312 et seq.; 34 C. J. p. 836, § 1245; 1 Am. Jur., Actions, p. 484, § 101.

In the case of Albaugh v. Osborne-McMillan Elevator Co. 53 N. D. 113, at page 121, 205 N. W. 5, this court said: "If it can be held that the plaintiff split his cause of action, in this case, it is well settled that when the defendant is responsible for the split, he is estopped himself. . . . Vineseck v. Great Northern R. Co. 136 Minn. 96, 161 N. W. 494, 2 A.L.R. 530. (We quote from this case as follows:) 'The rule against splitting a cause of action into several parts and bringing an action upon each is primarily for the benefit of the defendant in the action, which he may waive, or preclude himself from invoking by his fraud. . . . In such case a subsequent

action may be brought upon the omitted item without first applying for a vacation of the former judgment. Such vacation of the judgment is unnecessary.' "

The rule against splitting cause of action is for the benefit of defendant, who may waive it or renounce it by agreement with the plaintiff. United Bank & T. Co. v. Hunt, 1 Cal. (2d) 340, 34 P. (2d) 1001; State Bank v. Turpen, 47 Wyo. 284, 34 P. (2d) 1; Georgia R. & Power Co. v. Endsley, 167 Ga. 439, 145 S. E. 851, 146 S. E. 352, 62 A.L.R. 256 and notes beginning on page 263.

There is, in the first cause of action in the instant case, a demand for exemplary damages and it is the contention of the defendants that exemplary damages are not recoverable in an action brought under the wrongful death statute. There is merit in this contention.

In the case of Haug v. Great Northern R. Co. 8 N. D. 23, 77 N. W. 97, 42 L.R.A. 664, 73 Am. St. Rep. 727, this court discussed the question of damages under the wrongful death statute, and at page 32 states, "Upon one point the cases are united, and that is that the only damages recoverable in this action are for the pecuniary loss. Nothing can be recovered for the loss of society or for damages in the way of solatium."

Before the passage of chapter 39 of the Code of Civil Procedure an action could not be maintained for death by wrongful act. The enactment of chapter 39 gave a new cause for action which did not exist before and the second section of the chapter, being § 8322, Compiled Laws 1913, provides that "In such actions the jury shall give such damages as they think proportionate to the injury resulting from the death to the persons entitled to the recovery." See also Stejskal v. Darrow, 55 N. D. 606, 215 N. W. 83, 53 A.L.R. 1096.

Under the English statute, and under the statutes of nearly all the states in this country, it is a well settled rule, that the jury, in estimating the damages, are confined to the pecuniary loss sustained by the surviving husband, wife, parent, child, or other kindred of the deceased, and cannot take into consideration their mental suffering, nor are they authorized to give damages by way of a solatium. See extensive note in 12 Am. St. Rep. page 375. Punitive damages are not recoverable in such actions, unless they are given by the statute. Cooley, Torts, 271; Holmes v. Oregon & C. R. Co. (D. C.) 6 Sawy.

262, 5 F. 75; Louisville & N. R. Co. v. Brooks, 83 Ky. 129, 4 Am. St. Rep. 135; Pennsylvania R. Co. v. Vandever, 36 Pa. 298. See note in 12 Am. St. Rep. page 377.

The order overruling the demurrer is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and MORRIS, JJ., concur.