In the Matter of ELIAS SAYHOUM, Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent, et al., Tenants.— In a proceeding to annul a determination of the State Rent Administrator fixing maximum rents, the appeal is from an order dismissing the petition. Order affirmed, with $50 costs and disbursements. No opinion. Nolan, P. J., MacCrate, Murphy and Ughetta, JJ., concur; Wenzel, J., dissents and votes to reverse the order and

to annul the determination of the State Rent Administrator, with the following memorandum: Appellant purchased the premises in question in 1947, and thereafter on March 17, 1950, requested the Federal Office of Housing Expediter to render an opinion as to whether the premises were decontrolled, in connection with which he submitted a written statement to the effect that at the time of the said purchase the premises consisted of but four walls and a roof, all in bad condition; that they had been boarded up and unoccupied since 1939 or 1940; that he had rebuilt them and created eight apartments, at an expense of about $9,000. On March 28, 1950, the chief area rent attorney for the said agency issued his opinion that, based on the statement, the premises were decontrolled under the provisions of the Federal Housing and Rent Act of 1947, as amended, and the Rent Regulations issued pursuant thereto. Thereafter, and in April of 1951, one of the tenants submitted a statement to respondent charging appellant with various violations of the State Residential Rent Law and the Rent and Eviction Regulations which were issued under the said State statute. The proceeding commenced thereby was terminated by the issuance on July 26, 1951, by the local rent administrator of a paper captioned "Order Denying Application Or Terminating Proceeding." In the body of this paper it appears that the ground for its issuance was: "Accommodations created by conversion or change from non-housing to housing after February 1, 1947, and rented thereafter between July 1, 1947, and March 1, 1950, were decontrolled under Federal Law, and under the New York State Emergency Housing Rent Control Law, the maximum rent is the amount of rent first charged." (See State Residential Rent Law, § 2, subd. 2, par. [g]; L. 1946, ch. 274, as amd. by L. 1950, ch. 250.) The 1951 order was not only a denial of the application but also a determination that the premises were decontrolled. The local rent administrator's order of May 27, 1954, which purported to revoke the 1951 paper, referred to it as an order. He had no power to change the 1951 determination in a new proceeding such as the one under review, unless that determination had been procured in bad faith or by fraud (*People ex rel. Finnegan* v. *McBride*, 226 N. Y. 252, 259; *Matter of Schneider* v. *McGoldrick*, 282 App. Div. 1055; *Matter of Fiesta Realty Corp.* v. *McGoldrick*, 284 App. Div. 551; *Matter of Cupo* v. *McGoldrick*, 278 App. Div. 108). Apparently the sole basis for the local rent administrator's purported revocation of the 1951 order was a conclusion that the premises were "in a substandard condition", which conclusion was founded upon a report of an inspection made by an employee of the Rent Commission in February and March of 1954. All the conditions criticized in the said inspection report were such as undoubtedly arose subsequent to the rehabilitation of the premises. There was no basis in the record for any finding that the 1951 determination was procured in bad faith or by fraud.