■ In the Matter of JAMES J. COYLE, JR., Appellant, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Respondent, and ARTHUR GOODMAN, Intervenor-Respondent.— In a proceeding under CPLR, article 78, the landlord appeals from a judgment of the Supreme Court, Kings County, entered August 17, 1965, which dismissed his petition to review and annul a determination of the respondent City Rent and Rehabilitation Administrator that the apartment in question is subject to rent control. Judgment reversed on the law and the facts, without costs, petition granted and respondent Administrator directed forthwith to issue an order decontrolling the subject premises as of the date of renting to the intervenor-tenant. Findings of fact inconsistent herewith are reversed, and new findings made as indicated herein. In our opinion, under the circumstances presented, the 1965 order of the Administrator was improperly made in light of the doctrine of *res judicata* as applied to administrative determinations. The 1943 registrations of the subject premises with the Office of Price Administration (respondent's predecessor) and the continuance of such registration in the offices of successor rent control agencies, are conclusive in view of the fact that neither the Office of Price Administration nor any successor agency ever rejected or sought judicial review of that classification (cf. *Matter of April* v. *Abrams,* 155 N. Y. S. 2d 953). Determinations "in the field of administrative law should be given as much finality as is reasonably possible" where security of person and property are involved (*Matter of Evans* v. *Monaghan,* 306 N. Y. 312, 323). It is not unreasonable to apply the doctrine of *res judicata* where, as at bar, the continuing status of property is at issue, and there have been no significant changes in the subject premises since the original classification in 1943. Under the circumstances, absent any findings of fraud, illegality, bad faith, or irregularity in vital matters with respect to the prior registrations, the present Administrator was bound to continue the prior classification of the subject premises (*Matter of Cupo* v. *McGoldrick,* 278 App. Div. 108; *Matter of Sayhoum* v. *McGoldrick,* 285 App. Div. 964). Apart from the foregoing, when this matter was remanded to the City Rent Administrator for further findings, no new evidence was presented which warranted a reversal of her own prior order. In effect, on substantially the same evidence as had been before her on the prior occasion, the Administrator this time concluded, contrary to her previous determination, and in disregard of the principles of *res judicata* applying to her rulings, that the subject premises were rent-controlled. This sort of administrative happenstance is in and of itself arbitrary and capricious, and presents a further ground for reversal. Beldock, P. J., Hill and Rabin, JJ., concur; Christ and Benjamin, JJ., dissent and vote to affirm the judgment dismissing the petition, with the following memorandum by Benjamin, J., in which Christ, J. concurs: The 1943 registrations, which the majority considers conclusive and *res judicata,* were not determinations made after adversary litigation. Indeed, they were not determinations at all, but were merely unilateral, self-serving registrations filed by the present landlord's predecessor, and accepted for filing by the OPA without any determination by that agency as to their correctness. Neither

legally nor equitably can they be held conclusive and binding upon the present tenant, nor *res judicata* as to the present proceeding. For several reasons we disagree with the majority's conclusion that the Administrator was arbitrary when, on remand, she vacated her December, 1964 order of decontrol and determined that the premises were controlled. First, there was sufficient new evidence to justify her reversal of the decontrol order. Second, it is illogical to say, as the majority does, that the 1964 decontrol order was *res judicata,* when that order was itself a reversal of a 1963 order controlling the premises. If any of the series of orders made in this proceeding could be deemed *res judicata,* it would be the 1963 order of control, not the 1964 order of decontrol. It is clear on this record that there was a rational basis for the Administrator's determination that the premises are subject to control. Absent binding *res judicata* that the premises are decontrolled, we cannot disturb the Administrator's final determination that they are subject to control.