Bergan, J.
Claimant is the owner of an apartment building in Yonkers. Its claims against the State, so far as- relevant to- this appeal, are based on purported trespass on claimant’s land in the construction of the Sprain Brook Parkway in Westchester County.
It is alleged that in the course of laying out the road piles were physically driven into claimant’s land beyond the State’s right of way; and that damage to the building resulted.
An earlier action brought by the claimant, in the Supreme Court against the general and special contractors who actually performed the work for the State, based on the same physical acts of trespass and for the same damages', terminated in a judgment for those defendants.
The question now is whether the judgment is res judicata as to the present claims. The Appellate Division, holding that it was, dismissed the claims.
*563 The State’s motion for dismissal based on the prior adjudication rested essentially on the complaint in the Supreme Court action and the judgment entered after trial. This judgment directs that ‘ ‘ the complaint of the plaintiff be and the same is hereby in all respects dismissed on the merits The complaint in the Supreme Court action and the present claims against the State are both for the same damages and fox the same trespass.
If a purported trespass, wrongful in its nature as constituting an invasion of claimant’s land, was held not sustained against contractors carrying out a public work for the State, the adjudication against the owner would normally work an estoppel in a claim for the same cause against the State.
The State’s liability would in such a case be derivative from the acts of the contractors. If they were adjudicated to have committed no actionable wrong, this would inure to the benefit of the State were the same damages later claimed for the same purported wrong (Hinchey v. Sellers, 7 N Y 2d 287; Israel v. Wood Dolson Co., 1 N Y 2d 116; Good Health Dairy Prods. Corp. v. Emery, 275 N. Y. 14; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304).
The normal way to invoke the estoppel of a prior adjudication is to produce the judgment and the pleading on which it was based. “It is, of course, the judgment which is the bar”. (Ripley v. Storer, 309 N. Y. 506, 512.) It is “ a final judgment upon the merits which is competent as evidence and conclusive in a subsequent action between the same parties or their privies ” (Rudd v. Cornell, 171 N. Y. 114, 129).
The burden of establishing the estoppel of a prior adjudication is on him who asserts it (People ex rel. Village of Chateaugay v. Public Serv. Comm., 255 N. Y. 232, 238; Silberstein v. Silberstein, 218 N. Y. 525, 529; Rudd v. Cornell, supra, p. 127) and where the judgment and the pleadings do not conclusively show that what was adjudicated embraces the new litigation, it may be necessary to look beyond the judgment roll, at the testimony, the charge to the jury and the record of contentions made and determined.
But the presumption is that the issues “ involved ” or “ determined ” were those “ pertinent to the subject of the controversy as defined by the pleadings ” (Cardozo, Ch. J., in People ex rel. Village of Chateaugay v. Public Serv. Comm., supra, p. 239; *564 see, also, Silberstein v. Silberstein, supra; Pray v. Hegeman, 98 N. Y. 351, 358). The State meets that harden in the motion to dismiss by showing that the judgment in the former action determined that the State’s contractors, while building a road, were not responsible for trespass on plaintiff’s property by the same acts which are chargeable by claimant against the State in the present claims for damages for trespass.
But appellant argues that the Supreme Court action was so tried and submitted to the jury that, notwithstanding the allegations of pleadings and the form of judgment, the adjudication in favor of the contractors does not benefit the State.
It is argued that under the form of submission to the jury by the court, the jury was allowed, in the words of claimant’s submission to this court, “ to say who was to blame, the contractors or the State; and if they believed the latter was, then the contractors could have a verdict dismissing the complaint even though they supplied the physical force to drive the piles across the boundary line ”.
No doubt if the issue was tendered by defendants in the former action, by their pleading or by the way the ease was tried and submitted, that they were under compulsion by the State to invade claimant’s property and they acted under this compulsion, and if the jury had been instructed a verdict could be returned in defendants’ favor on this ground, an adjudication accruing in the State’s favor would not have resulted.
Although, as Justice Cocheaste pointed out in New York Cent. R. R. Co. v. Barnet (192 App. Div. 784, 786) the judgment roll is conclusive evidence, the charge to the jury is competent “ to show the precise issues therein decided ” (see, also, Rowland v. Hobby, 26 App. Div. 522).
And, of course, the actual trial may not have followed the pleadings and other issues may actually have been adjudicated than those which may be seen by reading the pleadings. As it was noted in Silberstein v. Silberstein (supra, p. 528), “ issues not involved in the pleadings may in fact have been litigated ”.
But the claimant fails to demonstrate on this record that in fact the adjudication for the defendant contractors in the Supreme Court was based on a theory different from, or broader than, the ease tendered by the claimant in its Supreme Court complaint for trespass.
*565 Extracts of the charge to the jury are quoted by claimant in an affidavit by its attorney in opposition to the State’s motion to dismiss; but those extracts manifestly do not show that the court was submitting it to the jury to say that they were to find for the defendants if they acted under compulsion of the State or if the State “ was to blame
Claimant did not submit to the Court of Claims in resistance to the motion to dismiss the claims the charge to the jury as'a whole or the record as a whole in the Supreme Court action. Thus, the usual rule of determining what was decided from the pleadings and the judgment must be followed.
Eeference is made in claimant’s papers to the opinion of the Trial Judge in denying a motion to set aside the verdict, and this is filed with exhibits on the appeal. When recourse is had to this opinion, it is clear that the Trial Judge did not consider that the issue of the State’s separate responsibility as a basis for defendants’ verdict had been tried.
He describes an entirely different issue as a defense to the trespass cause of action, the defense of a right granted to go on claimant’s land, i.e., “ The defendants, in substance, allege that the trespass, if any, was subsequently cured by the obtaining of an easement.”
Thus the judgment on the demonstrated facts of the record on this appeal is res judicata in favor of the State on the issue of trespass.
The order should be affirmed, without costs.