Argued October 11, 1968, reargued February 3; affirmed
April 16, 1969

# WELBOURN, *Appellant, v.* FIREMEN'S IN-
## SURANCE COMPANY, *Respondent.*
453 P2d 167

*Marvin S. Nepom,* Portland, argued the cause for appellant. With him on the brief was Ben T. Gray, Portland.

*Cleveland C. Cory,* Portland, argued the cause for respondent. With him on the brief was Clarence R. Wicks, Portland.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and HAMMOND, Justices.

HAMMOND, J. (Pro Tempore).

Plaintiff received personal injuries growing out of a three-car collision in which the automobile of Cravens, an insured motorist, struck the car of Stirewalt, an uninsured motorist, causing the latter to veer into the path of plaintiff's automobile. At the time of the accident plaintiff carried a policy of insurance with the defendant company which obligated the defendant "To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile * * *."

Plaintiff made overtures toward defendant for payment of his claim for damages under the above provision of the insurance policy contending that the negligence of Stirewalt, the uninsured motorist, was a cause of the accident and his injuries. Nothing resulted from such effort.

Prior to bringing this action, plaintiff brought an action in the circuit court for Deschutes County against Cravens and Stirewalt as joint tort-feasors for dam-

ages growing out of the accident. On February 3, 1966, plaintiff obtained an order of voluntary nonsuit as to Stirewalt and five days later, upon Cravens' written confession of judgment, he obtained judgment against Cravens for $3,250, which judgment was paid by Cravens and satisfaction thereof entered February 9, 1966.

Plaintiff then filed this action setting forth the existence of the policy above described, alleging that the negligence of Stirewalt in the said accident caused his injuries, claiming that he had requested arbitration of his claim with defendant, but that defendant had refused to arbitrate and had thereby breached the contract of insurance. Plaintiff asked judgment for $5,000.

To the amended complaint defendant filed a plea in abatement setting up the pertinent provisions of the insurance policy involved in this action including the requirement for arbitration of a disputed claim under the uninsured motorist coverage upon written demand of either party. The plea in abatement alleged plaintiff's settlement with Cravens, asserted that plaintiff had failed and refused to arbitrate his claim against defendant and demanded "that plaintiff's action be abated pending settlement of the issues between the parties by arbitration."

Upon a hearing, wherein testimony was taken and exhibits received, the court entered an order overruling the plea in abatement. No cross-appeal was taken by defendant from such order and the record of the hearing is not before this court.

The defendant then answered plaintiff's amended complaint admitting its own status and admitting the occurrence of the accident but otherwise denying the complaint. Defendant further pleaded, first as a bar

to plaintiff's claim, and, alternatively, as a partial defense in reduction of the claim, the payment by Cravens to plaintiff of $3,250 and the satisfaction of plaintiff's claim against him.

The matter was tried before a jury who answered interrogatories submitted by the court and found that the accident in question was "caused wholly or in part by negligence on the part of Michael Stirewalt" and that "the total amount of damages sustained by Thomas R. Welbourn as a result of the accident" was $8,250. At the direction of the court the jury deducted $3,250 from the last figure and returned its verdict for the plaintiff in the sum of $5,000.

Judgment was entered upon such verdict, but, thereafter, and upon defendant's motion, the former judgment was set aside and judgment entered for the defendant, the basis therefor being the judgment previously obtained against Cravens and the satisfaction thereof.

Neither the judgment by confession against Cravens nor the satisfaction thereof, as shown by copies in the record, indicate any intention on the part of the plaintiff to reserve any claim either against Stirewalt or against this defendant, nor does any other part of the record so indicate.

■ The effect of a judgment entered upon confession of the defendant is the same as that of a judgment rendered after a trial on the merits. *Basche-Sage Hdw. Co. v. De Wolfe*, 113 Or 246, 231 P 135 (1925); *Crow v. Crow*, 70 Or 534, 139 P 854 (1914). See Annotation, 2 ALR 2d 523 (1948).

The policy does not preclude plaintiff from proceeding against an uninsured motorist without the consent of the defendant company, but it does provide:

"No judgment against any person or organiza-

tion alleged to be legally responsible for the bodily injury *shall be conclusive,* as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled *unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."* (Emphasis supplied.)

For comment see Cox, *Uninsured Motorist Coverage,* 34 Mo L Rev 1, 23 (1969).

Without passing upon the propriety of proceeding directly against the insurance carrier to recover an unliquidated claim against an uninsured motorist,[1] we do find that the limit of plaintiff's right to recover against this defendant is the sum which the plaintiff was entitled to recover from Stirewalt.

In plaintiff's action against Cravens, plaintiff's damage was adjudicated, without reservation or condition, to be $3,250. The record contains no evidence that this sum was paid as a compromise settlement. Plaintiff received that sum from Cravens and satisfied the judgment unconditionally. For this reason the problem here is unlike that presented by *Cranford v. McNiece,* 250 Or 446, 450 P2d 529 (1969), and *Hicklin v. Anders,* 201 Or 128, 253 P2d 897, 269 P2d 521 (1954), and therefore the decisions therein reached have no relevancy to the case at hand.

■ The discharge or satisfaction of a judgment against one of several persons, each of whom is liable for a single harm, discharges each of the others from liability therefor. *Eberle v. Sinclair Prairie Oil Co.,* 120 F2d 746 (10th Cir 1941) ; *Dawson v. Bd. of Ed. of*

---

[1] Cox, *Uninsured Motorist Coverage,* 34 Mo L Rev 1 (1969); Hill v. Seaboard Fire & Marine Insurance Company, 374 SW2d 606 (Mo Ct App 1963).

*Weber Co. School Dist. et al,* 118 Utah 452, 222 P2d 590 (1950); Restatement, 4 Torts 465, § 886; Restatement, Judgments 469, § 95.

■ Since the satisfaction of the judgment against Cravens acted to discharge the uninsured motorist Stirewalt from liability for the accident in question, nothing remained to form a basis for plaintiff's claim against this defendant.

Affirmed.