JOHNSON, Judge.
This is an appeal by the plaintiff below from a final summary judgment in favor of appellee entered upon remand of the case to the trial court. See Holman v. Ford Motor Company, 239 So.2d 40 (Fla.App.1st, 1970).
It appears from the record that in another suit appellant herein recovered a $5,000.00 judgment from retailer Duval Motor Company for injuries sustained by Lee A. Holman, Sr. when his Ford automobile had a sudden brake failure. In the instant case and upon remand, the appellee, Ford Motor Company, filed as an additional defense the above-mentioned judgment and satisfaction thereof by Duval Motor Company. Final summary judgment based upon this additional defense was thereafter entered, and this appeal results.
Appellant states his point on appeal to be as follows: May an injured plaintiff sue, recover and satisfy a judgment against an automobile dealer for negligence in the installation of a component part and then sue and recover against the manufacturer of that part under an allegation of negligent manufacture ?
As noted above, the trial court answered such question negatively by granting a summary judgment in appellee’s favor. We agree, for we cannot factually and legally distinguish the circumstances of this case from the recent case of Escambia Chemical Corp. v. Industrial-Marine Supply Co., Inc., 238 So.2d 684 (Fla.App.1st, 1970). Having pursued Duval Motor Company to a final judgment and having received satisfaction of said judgment, appellant may not now relitigate the same breach of duty against appellee. See Restatement of the Law, Judgments, § 95.
We have considered appellant’s allegation concerning the “law of the case” with regard to our previous denial of appellee’s motion to dismiss which was based upon the same ground as was its additional defense below, and find such contention to be substantially without merit.
The trial judge correctly entered a final summary judgment in favor of appellee, and that judgment is affirmed.
SPECTOR, C. J., and RAWLS, J., concur.