Meyer, J.
(dissenting). I respectfully dissent. In my view the majority fails to follow prior res judicata rulings of this court and misconceives Federal case law and rules relating to pendent jurisdiction.
Res judicata is a policy essential to our jurisprudence both to conserve judicial resources and to prevent the harassment by one party of another that would result were there no rule proscribing relitigation of an issue once fairly decided. But we have been at pains to make clear that in applying the policy courts must take care that a party not be excluded from the day in court to which every litigant is entitled (cf. Gramatan *701 Home Investors Corp. v Lopez, 46 NY2d 481, 485). To that end we have held that a litigant who claims the benefit of a former judgment has the burden of proving that the issue which he urges is precluded was involved in the prior litigation, either by actual determination or by necessary implication (Bronxville Palmer v State of New York, 18 NY2d 560; People ex rel. Village of Chateaugay v Public Serv. Comm., 255 NY 232). Since the Federal court decisions in plaintiff’s prior action are, as the factual analysis below demonstrates and as the majority concedes, at best equivocal with respect to the basis for dismissal of plaintiff’s claim against Merrill Lynch, it was Merrill Lynch’s burden, not plaintiff’s, to establish that plaintiff’s claim against it was dismissed on the merits. Yet the majority holds plaintiff precluded because she "made no application for any clarification or limitation with respect to the scope of the dismissal of the federal action.” To require her rather than Merrill Lynch[1] to seek such clarification is nothing less than a shifting of the burden of proof and constitutes a major departure from the policy we have heretofore uniformly followed.
An understanding of the fallacy in the majority’s pendent jurisdiction reasoning requires analysis of the complaint in the Federal action and of the decisions of the Federal courts with respect to that complaint. The first three paragraphs of the complaint predicate jurisdiction of the court upon the Investment Advisors Act of 1940 and the Securities and Exchange Act of 1934 and venue upon the residence of the parties and the activities of the defendants. The complaint then pleads eight causes of action, only two of which (the third and the eighth) are against Merrill Lynch. Each of the other causes of action (except, of course, the first) opens with a paragraph repeating and realleging prior allegations of the complaint, including the jurisdictional paragraphs, and each, including the first, contains additional allegations specifically referring to the Investment Advisors Act and the Securities Act of 1934. Neither the third nor the eighth refers, expressly *702 or by incorporation, to either of those acts. The allegations of the third and the eighth[2] causes of action set forth the establishment of a customer-broker relationship, reliance by plaintiff upon the judgment and integrity of the Merrill Lynch officials handling her account, and that those officials in various ways acted in an unprofessional, negligent and illegal manner and in "breach of the common law standards of fiduciary responsibility”.
The inference to be drawn from the absence from the third cause of action of any reference to Federal statute and the inclusion of express reference to common-law standards is that plaintiff sought to allege only a common-law and not a Federal statutory cause of action. If that inference is accepted, then clearly the Federal court was without subject matter jurisdiction, for there was no predicate Federal claim against Merrill Lynch to which the common-law claim could be pendent (Hurn v Oursler, 289 US 238, 245-248).
If that inference be rejected and the third cause of action be deemed to allege in the one cause of action both a Federal statutory and a State common-law claim deriving "from a common nucleus of . operative fact” (Mine Workers v Gibbs, 383 US 715, 725), then the Federal court’s dismissal of the complaint for failure to comply with the requirement of subdivision (b) of rule 9 of the Federal Rules of Civil Procedure that "the circumstances constituting fraud * * * be stated with particularity”, because it excised the predicate Federal statutory claim, likewise left the Federal court without subject matter jurisdiction of the pendent claim. That this is so is clear from the Gibbs decision as well as the Restatement Comment and Illustration upon which the majority rely.
In Gibbs the Supreme Court, after quoting from Hurn v Oursler (supra) noted (383 US, at p 724) that: "Had the Court found a jurisdictional bar to reaching the state claim in Hurn, we assume that the doctrine of res judicata would not have been applicable in any subsequent state suit. But the citation of Baltimore S. S. Co. shows that the Court found that the weighty policies of judicial economy and fairness to parties reflected in res judicata doctrine were in themselves strong counsel for the adoption of a rule which would permit federal *703 courts to dispose of the state as well as the federal claims.” It then held that there is power in the Federal courts to hear both Federal and State claims that would be expected to be tried in one judicial proceeding, but recognized (383 US, at p 726) that: "That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiffs right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, Erie R. Co. v. Tompkins, 304 U. S. 64. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. ” (Emphasis supplied.) Not only did it thus mandate dismissal of the State claim on jurisdictional grounds when the Federal claim is dismissed on nonjurisdictional grounds, but it noted (383 US, at p 727) that: "The question of power will ordinarily be resolved on the pleadings.”
The Restatement of Judgments, 2d, correctly interprets Gibbs as not barring a second State action under the circumstances of this case, for it states in Comment e to section 61.1 (Tent Draft No. 5, p 160) that: "A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the ñrst action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.” (Emphasis supplied.) Illustration 10 to which the Comment refers assumes a Federal antitrust action dismissed after trial, followed by a State antitrust action based on the same facts and concludes that because the Federal *704 court would have had pendent jurisdiction of the State claim the State action would be barred "unless it is clear that the federal court would have declined as a matter of discretion to exercise that jurisdiction (for example, because the federal claim, though substantial, was dismissed in advance of trial)” (emphasis supplied).
Clear from the foregoing[3] is it that dismissal of the Federal claim in advance of trial and without leave to replead, as occurred in the instant case, leaves the Federal court without subject matter jurisdiction of the State claim and bars use of the Federal dismissal as res judicata.
Merrill Lynch argues, however, and the majority apparently agrees, that the dismissal under subdivision (b) of rule 9 was a dismissal of both the Federal and State claims on the merits rather than as a matter of jurisdiction. Aside from the fact that dismissal by the Federal Judge was because the complaint "failed to set forth the facts and circumstances of the fraud alleged”[4] and made no mention of the breach of fiduciary duty, negligence or illegality which was the basis for the "pendent” State claim, it is clear from Gibbs that having dismissed the Federal statutory claim the Judge was without power to consider the State claim and dismiss it on the merits. Nor does subdivision (b) of rule 41 of the Federal Rules change that result, as the majority’s footnote suggests. That rule provides that unless the court in its order specifies otherwise a dismissal, "other than a dismissal for lack of jurisdiction” (emphasis supplied), operates as an adjudication upon the merits. That the Federal Judge failed to specify the ground for dismissal of the pendent State claim may have been because he overlooked it (a possibility suggested by the failure to refer to anything but "fraud”) or, more likely, that he concluded that Gibbs made it sufficiently clear that his dismissal of the Federal claim left him without jurisdiction of the State claim that he did not need to state the obvious. Whatever the reason, however, it is clear that subdivision (b) of rule 41 could not confer jurisdiction on the Federal court that it did not otherwise have. Moreover, the rule is as a matter of Federal law construed in light of the policy behind it as a bar *705 to subsequent action only in "situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court’s reaching them” (Costello v United States, 365 US 265, 286; Saylor v Lindsley, 391 F2d 965, 969). Certainly if the Federal courts would not apply the Federal rule as a bar in the instant situation, we should not do so.
Nor in light of the fact that the Federal court did not, because it could not, consider the State claim on the merits, can the fact that plaintiff was afforded two chances to plead in the Federal court (which, presumably, is what the Appellate Division referred to as "the history of the instant litigation”) serve as the predicate for the Appellate Division’s sua sponte dismissal for failure to state a cause of action, on the basis of motion papers grounded only on res judicata.
In sum, because Merrill Lynch has not sustained its burden of showing that the State claim was in fact considered in the Federal action, because as a matter of Federal law the State claim could not have been dismissed on the merits by the Federal court, and because it was improper to dismiss the present complaint for failure to state a cause of action, I would reverse the order of the Appellate Division and reinstate that of Special Term.
Judges Jasen, Jones, Wachtler and Fuchsberg concur in memorandum; Chief Judge Cooke dissents and votes to reverse in an opinion in which Judge Gabrielli concurs; Judge Meyer dissents and votes to reverse in a separate dissenting opinion.
Order affirmed.

. If Merrill Lynch is correct that the Federal decisions dismissed plaintiffs common-law claims on the merits and not as a matter of jurisdiction, it can vindicate its position (and meet its burden of proof) by applying to the Federal court under section 2283 of title 28 of the United States Code for an order enjoining relitigation of the issue in the State court (Ennis & Co. v Woodmar Realty Co., 542 F2d 45, cert den 429 US 1096; Donelon v New Orleans Term. Co., 474 F2d 1108, cert den 414 US 855; Browning Debenture Holders’ Committee v Dasa Corp., 454 F Supp 88; Heller & Co. v Cox, 379 F Supp 299).

. Plaintiff’s State complaint alleges only the claim made in the third cause of action of the Federal complaint. Except as referred to in the text, the eighth cause of action has no bearing on the problem presented by this appeal and, therefore, is not further discussed.

. See, also, the Reporter’s Notes (Tent Draft No. 5, p 179) which state: "If in a given case it is clear that a federal court, applying the criteria elaborated in Gibbs, would not have entertained the state theory, the state action should not be barred.”

. The quotation is from the decision dismissing the amended complaint, which was affirmed by the Court of Appeals for the Second Circuit.