OPINION OF THE COURT
Frank Composto, J.
In this action by the State of New York (State) to recoup alleged excess funds paid to defendants by reason of defendants’ alleged fraud and concealment, defendants move to dismiss each of the causes of action set forth in the complaint on grounds of "collateral estoppel; res judicata; and because they fail to state a cause of action”.
On a motion to dismiss causes of action for insufficiency, *171 the court assumes "as we must, the truth of the factual allegations set forth in [the complaint]” (Matter of Bernstein v Toia, 43 NY2d 437, 441) and deems them to allege whatever can be implied by fair intendment (Kober v Kober, 16 NY2d 191). Within the above guidelines and admonition that "Modern pleading rules are 'designed to focus attention on whether the pleader has a cause of action rather than on whether he has properly stated one’ ” (Rovello v Orofino Realty Co., 40 NY2d 633, 636), this court holds that each of the causes of action set forth in the complaint is sufficiently pleaded, except as stated in the conclusion.
However, the attack on them as being barred by "collateral estoppel” and "res judicata” is of more serious nature and is not governed by the rules of whether they may be per se meritorious.
Defendants in the conduct of their nursing home (Woodcrest Nursing Home [Woodcrest]) submitted for Medicaid reimbursement annual reports of their operations for the years 1970 through 1974 to the Department of Health of the State of New York (Health Department), an agency of the State having jurisdiction over nursing homes. The Health Department audited the defendants’ records for purposes of determining the rates to be paid to defendants and the amount of reimbursement due them. Based on its audits, the Health Department fixed, what it considered to be correct rates applicable to defendants, the amount of reimbursement payable to defendants as well as the amount of excess payments received by defendants that had to be repaid to the State. In each instance and with respect to each audit and year involved, the Health Department made various revisions arriving at an excess sum to be repaid by defendants. Notices of the results of the audits made in each year and the amounts to be refunded by defendants were given by the Health Department to defendants. Each of the notices, among other things, stated: "These adjustments are final, unless we receive a written protest within 30 days from the receipt of this letter”. Defendants filed their written protest as to each audited year and on review the protests were denied. Defendants were given the right to a hearing on the denial of each protest, but declined the hearing, preferring to pay the adjusted amounts.
Defendants contend that these administrative determinations bar plaintiff’s suit for greater sums than those found by the Health Department for each of said years. Fundamentally, *172 the doctrine of estoppel and res judicata apply to administrative proceedings and determinations, but only "as is reasonably possible * * * Such departures from the rule as there may be in administrative law appear to spring from the peculiar necessities of the particular case”. (Matter of Evans v Monaghan, 306 NY 312, 323-324.) That is so because "res judicata is a flexible doctrine. A mechanical application of the rule in this case is particularly undesirable” (Mitchell v National Broadcasting Co., 553 F2d 265, 269).
If plaintiff’s causes of action were structured solely on the basis of negligence or error in the auditing of defendants’ books and records, despite full and untrammeled opportunity to thoroughly analyze all entries and statements therein when computing the amount of refund to be made by defendants, then all of plaintiff’s causes of action would be barred by res judicata on the denial of defendants’ protests. However, the allegations of the complaint which this court must accept as true on a motion of this character, present serious issues of fraudulent concealment inducing the miscalculations.
The State alleges in its complaint that "defendant Moskowitz certified the HE-2P reports * * * represented to the Health Department that the financial information contained in said reports presented accurately and fairly * * * the financial position of [Woodcrest] and the results of its operations for the years then ended”; that "defendant Moskowitz and Deutsch acting individually or in concert * * * submitted * * * the aforementioned HE-2P reports as part of a continuing fraudulent scheme to obtain wrongful Medicaid reimbursement payments in excess of what said Home would otherwise have been entitled * * *”; that "in furtherance or in implementing * * * said fraudulent and deceptive scheme defendants * * * knowingly made misrepresentations * * * concealed from * * * the Health Department and State material facts concerning Wood-crest’s operations and finances”; "and wrongfully claimed the reimbursement from the Health Department and the State” of various listed categories of items.
The totality of plaintiff’s charges against defendants distills into an alleged scheme of fraudulent concealment of material facts to deceive the Health Department and to induce its auditors and reviewers to make erroneous administrative determinations. If this court was to sustain defendants’ affirmative defense of estoppel and res judicata at this early stage of this action, when none of the alleged charges have *173 been negated, then this court may create a procedural precedent that will serve as an impenetrable shield of immunity to those who may make pro forma protests to obtain an unassailable judicial imprimatur on administrative determinations that reward evil genius.
Although the Attorney-General contends that the State’s causes of action are bottomed in fraud which was not considered by the Health Department, so that its findings are not applicable to the tort (see Schuylkill Fuel Corp. v B. & C. Nieberg Realty Corp., 250 NY 304; Erbe v Lincoln Rochester Trust Co., 13 AD2d 211, opp dsmd 11 NY2d 754) and that the complaint sets forth newly discovered evidence warranting a separate action (Matter of Evans v Monaghan, supra; Matter of Realty & Ind. Corp. v Gaynor, 24 AD2d 201, affd 17 NY2d 734), thereby making it "necessary to look beyond the judgment roll” (Bronxville Palmer v State of New York, 18 NY2d 560, 563; see, also, Matter of Coyle v Gabel, 26 AD2d 638, affd 21 NY2d 808), this court prefers at this time to weigh the defenses against the ancient maxim that "no man may take advantage of his own wrong * * * [a principle d]eeply rooted in our jurisprudence * * * [and] applied in many diverse classes of cases” (Glus v Brooklyn Eastern Term., 359 US 231, 232). Claims long barred by the Statute of Limitations have been recognized as valid because the defendant is estopped by his wrongful conduct from pleading the bar of the Statute of Limitations (see Glus v Brooklyn Eastern Term., supra; General Stencils v Chiappa, 18 NY2d 125; Government of India v Cargill, Inc., 445 F Supp 714). Wrongful concealment of material facts for unlawful gain must not be permitted to serve as an antidote against its penalty.
This court can visualize, given the ingenuity of man and present day sophistication, a strategem of a possible solicitation of an audit with knowledge of its limited form, obtaining a slight revision of the figures and then with a pro forma protest solidify the findings of the adjustments certified by the review board. If res judicata was inflexibly applied, then it is conceivable that gross fraud may receive judicial blessing. If the facts as alleged in the complaint are true, then defendants will have successfully, under the principles of collateral estoppel and res judicata, accomplished an evil design. This observation crystalizes under the lumination of Government of India v Cargill, Inc. (supra, p 718) wherein defendant was charged with knowledge that "various methods of weighment *174 employed at Indian off-loading docks are of so primitive a nature compared to the highly sophisticated and uniform modes used in United States grain elevators * * * and took advantage of India’s perception of her weighing system as antiquated and perhaps inadequate.” Thus, as "vigorously contended by plaintiff] a concrescence of circumstances, primarily the fraudulent activities of the defendant, confused plaintiffs as to the very fact of their loss, reasonably diverted them from investigating its origin and prevented earlier exposure of the fraud” perpetrated by the defendant over a period of years. Under those circumstances, the court refused to permit defendant to take advantage of the Statute of Limitations.
In Simcuski v Saeli (44 NY2d 442) the court went further than denying the plea of the malpractice Statute of Limitations and stated that defendant’s intentional concealment constituted a separate tort of fraud. In Matter of Turner Constr. Co. v State Tax Comm. (57 AD2d 201, 204) the petitioner contended "that the prior determination to grant the refund of the sales tax is binding upon the department under the doctrines of res judicata and accord and satisfaction”. The court in overruling defendant stated (pp 204-205) "The principle of res judicata is applicable to administrative proceedings, with certain exceptions. Departure from the rule of res judicata in administrative law 'spring from the peculiar necessities of the particular case or the nature of precise power being exercised’ * * * Herein public policy provisions dictate that the doctrine of res judicata should not be applied. The State Tax Commission should not be precluded from correcting clerical errors to the detriment of the general taxpaying public. The doctrine of accord and satisfaction is a form of estoppel and is available against a governmental body only in limited instances * * *. Herein the Tax Commission alleges that they were unaware of the true facts of the case at the time that they approved the refund”.
Paraphrasing the latter part of the foregoing quote "Herein the State of New York alleges that it was unaware of the true facts of the case at the time it adjusted the Medicaid reimbursement to defendants.” Plaintiff was wholly unaware of defendants’ alleged fraudulent concealment of the true facts (see, also, Van Dussen-Storto Motor Inn v Rochester Tel. Co., 63 AD2d 244).
Examining the five causes of action pleaded by plaintiff, the *175 court finds that factually they are fully covered by the first, second and fifth causes of action and that the third and fourth causes of action labeled "Conversion” and "Unjust Enrichment” must fall without the allegations of the first, second and fifth causes of action.
Accordingly, defendants’ motion to dismiss the first, second and fifth causes of action is denied and that part of the defendants’ motion as is directed to the dismissal of the third and fourth causes of action is granted.
The court wishes to emphasize, that in denying defendants’ motion to dismiss the first, second and fifth causes of action of the State’s complaint, the court in nowise intended by its observations, to impugn or prejudge defendants’ defense of collateral estoppel and res judicata. The court’s holding is based solely on the theoretical possibility of the State proving its alleged charges on the trial of this action. In essence, the court acknowledges that a party has the right and is entitled to the opportunity to prove the facts as alleged in causes of action that have been declared to be sufficiently stated.