**Wayne B. MEDEARIS, Plaintiff and Appellant,**

v.

**Harley MILLER, Harvey Schilling, and Duane Traynor, Defendants, Third Party Plaintiffs and Appellees,**

v.

**Kenneth NELSON, individually and as agent for Main Realty; Boyd Township; and Burleigh County, Third Party Defendants and Appellees.**

Civ. No. 9928.

Supreme Court of North Dakota.

May 28, 1981.

Rausch & Rausch, Bismarck, for plaintiff and appellant; argued by Richard P. Rausch, Bismarck.

Wheeler, Wolf, Peterson & McDonald, Bismarck, for defendants, third party plaintiffs and appellees; argued by David L. Peterson, Bismarck.

Gregory W. Tschider, Jr., Bismarck, for third party defendant and appellee Kenneth Nelson, individually and as agent for Main Realty; argued by Gregory W. Tschider, Jr., Bismarck.

John M. Olson, argued, State's Atty., Bismarck, for third party defendant and appellee Burleigh County.

Chapman & Chapman, Bismarck, for third party defendant and appellee Boyd Township; appearance by Daniel J. Chapman, Bismarck.

ERICKSTAD, Chief Justice.

This case involves a determination of whether or not the judgment in favor of Wayne B. Medearis in a prior action against Frank and Dorothy Glasser bars this action against Harley Miller, Harvey Schilling, and Duane Traynor (the developers). The trial court determined that it does and issued a summary judgment dismissing Medearis' action with prejudice. We affirm in part, reverse in part, and remand with instructions.

The relevant facts are as follows. Medearis owns property in Burleigh County which lies east of Bismarck and adjacent to property owned by the developers. The developers, desiring a road along the section line running east-west on the southern boundary line of Medearis' property, sought and received a decision by Burleigh County to construct such a road. During September, 1978, Frank and Dorothy Glasser, a married couple who at that time possessed a contract for deed to purchase Medearis' property, gave Burleigh County an easement over 1.646 acres of the property for construction of the road. The developers' agents, after acquiring the easement from the Glassers for Burleigh County, entered Medearis' property and relocated a fence thereon to permit construction of the road. Thereafter, the road was constructed by agents of Burleigh County.

Upon learning of these events, Medearis filed an action in the District Court of Burleigh County against Frank and Dorothy Glasser, Burleigh County, and Boyd Township, alleging that the entries upon his property to relocate the fence and to construct the road constituted trespasses and also alleging that as a result of the road construction there was erosion of the new road embankment which caused dirt depos-

its on and damage to his property. For all of the alleged damage to Medearis' property he sought a total of $6,000.00 damages.

The trial court determined that the easement given to Burleigh County by the Glassers was null and void and that the entries upon Medearis' property to relocate the fence and to construct the road constituted trespasses. However, with regard to the alleged erosion damage, the trial court determined that there was insufficient evidence that construction of the road caused any erosion to permit a recovery of those damages. The court then held that the Glassers, having executed an invalid easement, were liable for the entire damage resulting from the trespasses in the amount of $2,485.00.

After obtaining a satisfaction of judgment in the first action, Medearis brought a second action in the District Court of Burleigh County, this one against the developers, alleging that they, through their agents, caused the fence to be relocated and also caused Burleigh County to construct the road. Medearis further alleged that all of this was done by the developers in an oppressive and malicious manner entitling him to punitive damages, and he sought against them total damages in the amount of $8,000.00.

The trial court ruled that, as a result of the judgment in the first action, Medearis had received a full recovery for all damages claimed in the second action except the alleged erosion damage. The court held that Medearis was barred from bringing this action for those damages previously recovered against the Glassers because Medearis was not entitled to more than one full recovery. The court also held that Medearis was precluded from bringing an action against the developers on the erosion claim because the issue of whether or not erosion had resulted from construction of the road had been litigated in the first action, and a determination had been made against Medearis. Consequently, the trial court entered a summary judgment dismissing Medearis' action, and Medearis now brings this appeal asserting that the judgment in the first action against the Glassers should not preclude this action against the developers.

■ It is well-settled that a party is entitled to receive only one recovery for a single harm caused by multiple parties and that if he receives a satisfaction of judgment against one of the parties, he is precluded from seeking further recovery from the others. *McFadden v. Turner*, 159 N.J. Super. 360, 388 A.2d 244 (1978); *Medley v. Webb*, 288 So.2d 846 (Miss.1974); *Rager v. Superior Coach Sales & Service of Arizona*, 110 Ariz. 188, 516 P.2d 324 (1973); *Arenson v. Ford Motor Company*, 254 So.2d 812 (Fla. App.1971); *Welbourn v. Firemen's Insurance Company*, 253 Or. 45, 453 P.2d 167 (1969).

■ In Medearis' action against the Glassers, Burleigh County, and Boyd Township the trial court determined that the Glassers, having executed an invalid easement over Medearis' property, were liable for the entire damage caused by the trespasses on his property. The court expressed this determination with the following findings of fact:

"V.

"The Plaintiff's fences were removed and then reconstructed by agents of the partners and developers hereinabove noted.

"VI.

"After the purported easement was secured and placed of record, Burleigh County constructed the road which is one-half mile in length on and along the south boundary line of Plaintiff's property.

\* \* \* \* \* \*

"VIII.

"The trespasses which have occurred have damaged Plaintiff's property at the sum of $1,500.00 an acre and the amount damaged is 1.646 acres. This damage was a result of the purported easement granted by the Defendants Glasser."

The trial court then made the following conclusion of law:

"III.

"The Plaintiff is entitled to judgment as against Frank R. Glasser and Dorothy Glasser in the sum of $2,485.00 for the trespass and the resulting damages to Plaintiff's land."

Because Medearis recovered from the Glassers all damages resulting from the trespasses, whereby his fence was relocated and the road was constructed, the trial court correctly concluded that Medearis is precluded from bringing an action against the developers for those damages.

■ In his prior action Medearis alleged that, as a result of the road construction by Burleigh County, erosion of the new road embankment occurred which caused dirt to be deposited upon and to thereby damage his property. The trial court, refusing to allow damages on that claim, determined that Medearis had failed to prove that the alleged damage occurred as a result of the road construction.

In this action against the developers, Medearis also seeks damages allegedly resulting from erosion of the new road embankment on the theory that the developers caused the road to be constructed. For Medearis to recover on this claim the erosion damage would have to have been caused by Burleigh County's construction of the road; however, Medearis failed to prove that fact in his prior action. Because the developers' liability, if any, is derivative of Burleigh County's liability, the trial court correctly concluded that Medearis is not entitled to a second opportunity of proving in this action that erosion damage was caused by Burleigh County's construction of the road. *See, Lober v. Moore,* 417 F.2d 714 (D.C.Cir.1969); *Bronxville Palmer, Ltd. v. State,* 18 N.Y.2d 560, 223 N.E.2d 887, 277 N.Y.S.2d 402 (1966).

In *Palmer, supra,* a property owner brought a trespass action against the state alleging that a trespass had occurred on his property during construction of a parkway. The property owner had brought a prior action against the contractors who had performed the work for the state, based on the same physical acts of trespass and for the same damages, and that action had terminated in a judgment for those defendants. The New York Court of Appeals, in upholding a dismissal of the property owner's action against the state, stated the applicable rule as follows:

"If a purported trespass, wrongful in its nature as constituting an invasion of claimant's land, was held not sustained against contractors carrying out a public work for the State, the adjudication against the owner would normally work an estoppel in a claim for the same cause against the State.

"The State's liability would in such a case be derivative from the acts of the contractors. If they were adjudicated to have committed no actionable wrong, this would inure to the benefit of the State were the same damages later claimed for the same purported wrong." 277 N.Y. S.2d at 405, 223 N.E.2d at 889.

■ Thus, a judgment on the merits exonerating one from liability for his acts precludes a subsequent action against one whose liability, if any, is derivative of or secondary to the exonerated party. In *Lober, supra,* the Federal Circuit Court of Appeals for the District of Columbia, quoting from a leading Virginia case, explained the underlying rationale for this rule, to which we adhere, as follows:

"The true ground upon which a former judgment, in a case like this, should be allowed to operate as a bar to a second action is not res judicata, or technical estoppel, because the parties are not the same, and there is no such privity between them as is necessary for the application of that doctrine; but that in such cases, on grounds of public policy, the principle of estoppel should be extended, so as to embrace within the estoppel of a judgment, persons who are not, strictly speaking, either parties or privies. It is rested upon the wholesome principle which allows every litigant one opportunity to try his case on the merits, but limits him, in the interest of the public, to one such opportunity." 417 F.2d at 719.

We conclude that the determination on the erosion claim in the prior action precludes Medearis from asserting that claim in this action against the developers. The trial court ruled correctly in this regard.

■ Medearis, in his action against the developers, has also sought an award of punitive damages asserting that the developers' wrongful actions were committed with oppression and with malice. Medearis' claim for punitive damages against the developers was neither asserted nor litigated in his prior action. In concluding that the satisfaction of judgment against one tortfeasor does not preclude a subsequent action against a joint tortfeasor for punitive damages, the Hawaii Intermediate Court of Appeals in *Beerman v. Toro Mfg. Corp.*, 615 P.2d 749 (Hawaii App.1980), states the following rationale, with which we agree:

> "The rule providing that a satisfied judgment against a tortfeasor bars suit against others jointly responsible for the same injury 'is predicated upon the equitable theory of unjust enrichment which forbids greater recovery than the loss or injury sustained.' *Pillo v. Reading Co.*, 232 F.Supp. 761, 762 (D.C.Pa.1964). Where double recovery for the same injury does not occur, suit against other liable tortfeasors has been permitted notwithstanding the entry of a satisfaction of judgment. . . . Punitive damages awarded against one tortfeasor do not constitute double recovery with respect to a judgment against another tortfeasor since the purpose of punitive awards is to punish a particular offender rather than to compensate the victim for its injury. *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.*, 88 N.M. 472, 542 P.2d 52 (N.M.Ct.App.1975), *rev'd* on other grounds, 89 N.M. 187, 548 P.2d 865 (N.M. Sup.Ct.1976); *Porter v. Sorell*, 280 Mass. 457, 182 N.E. 837, 85 A.L.R. 1159 (1932)." 615 P.2d at 755.

We conclude that Medearis' judgment against the Glassers in his prior action does not preclude him from bringing an action against the developers for punitive damages. Accordingly, we remand this case to the trial court with instructions that Medearis be allowed to proceed with his action against the developers for the sole purpose of determining whether or not he is entitled to punitive damages against them. To recover punitive damages Medearis must first prove, on remand, that the developers, through their conduct, committed acts making them liable to him for compensatory damages. All other claims asserted by Medearis in his action against the developers are barred as a consequence of the judgment entered in Medearis' action against the Glassers, Burleigh County, and Boyd Township.

The developers, as a counterclaim to Medearis' action, asserted that Medearis owned a fence running in a north-south direction on his property which obstructed the section line in violation of Section 24–06–28, N.D. C.C., and they requested the trial court to order Medearis to remove the fence. The trial court, granting the developers' request for a summary judgment, ordered Medearis to relocate the fence. During oral argument on appeal, Medearis' counsel stated that Medearis was not contesting the order to relocate the fence but was only concerned, with regard to the counterclaim, about the developers' request for punitive damages against Medearis for obstructing the section line with his fence. The trial court's judgment on the counterclaim did not include an award of punitive damages and, therefore, we conclude that Medearis has raised no issue regarding the summary judgment on the counterclaim which requires our disposition.

The judgment is affirmed in part, reversed in part, and the case is remanded pursuant to instructions previously set forth in this opinion.

VANDE WALLE, SAND and PAULSON, JJ., concur.

PEDERSON, Justice, dissenting in part.

The judgment should be affirmed in full.

Medearis has attempted to split a cause of action.

"A single cause of action cannot be split either as to relief demanded or grounds on which recovery is sought and two or more actions brought thereon, and to do so makes pleas in abatement or of res judicata available respectively against all actions other than the one first commenced or on which judgment is first rendered." 1 C.J.S. Actions § 102(b), Rule Against Splitting.

See also, 1 Am.Jur.2d, Actions, §§ 127–155, Splitting Causes of Action.

"This court has repeatedly held that a cause of action cannot be divided; that when there is a single cause of action, although there may be different kinds of damages, only one suit can be brought." *Farmers Ins. Exchange v. Arlt,* 61 N.W.2d 429, 434 (N.D.1953).

"... when the defendant is responsible for the split, he is estopped himself ... 'The rule against splitting a cause of action into several parts and bringing an action upon each is primarily for the benefit of the defendant in the action, which he may waive, or preclude himself from invoking by his fraud.'" *Hyyti v. Smith,* 67 N.D. 425, 272 N.W. 747, 749–750 (1937).

It has not been contended in this case that any of the defendants waived benefits under the rule or was in any way responsible for the split. It is interesting to note that the split in *Hyyti, supra,* involved a punitive damage claim as in the instant case.

The defendants in this case, who were not parties to the initial suit, certainly cannot have caused the splitting of the cause of action and they are not barred by the lack of mutuality from claiming the defense of estoppel by judgment. See Annotation: Mutuality of Estoppel as Prerequisite of Availability of Doctrine of Collateral Estoppel to a Stranger to the Judgment, 31 A.L. R.3d 1044. See also, Vestal: Preclusion/Res Judicata Variables, 50 Iowa L.Rev. 27.

Public policy and the need for judicial economy support the elimination of duplicity of litigation, especially where the plaintiff defined the issues, selected the forum, and presented his proof at the initial suit. To hold otherwise is to invite dissatisfied litigants to seek new adversaries and re-litigate on the pretense of newly discovered issues arising out of identical facts.

*Interest republicae ut sit finis litium.* There must be an end to litigation. *City of Wahpeton v. Drake-Henne, Inc.,* 228 N.W.2d 324 (N.D.1975), syllabus # 8 by the court.